1   JOSEPH P. GARIN
    Nevada Bar No. 6653
2   SHANNON D. NORDSTROM
    Nevada Bar No. 8211
3   LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
    9580 West Sahara Avenue, Suite 120
4   Las Vegas, Nevada 89117
    Telephone: (702) 382-1500
5   Facsimile: (702) 382-1512
    jgarin@lipsonneilson.com
6   snordstrom@lipsonneilson.com

7   Attorneys for Defendants,
    THE UNLV RESEARCH FOUNDATION,
8   TOM WILLIAMS and PAUL FERGUSON

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11  TARA SWEENEY,                      )  CASE NO.:  2:09-cv-1167-JCM-GWF
                                       )
12               Plaintiff,            )  **THE UNLV RESEARCH
                                       )  FOUNDATION'S MOTION TO COMPEL
13  vs.                                )  FURTHER RESPONSES AND
                                       )  WITHDRAW OBJECTIONS TO
14  THE UNLV RESEARCH FOUNDATION       )  INTERROGATORIES UNDER
    domestic non-profit corporation; STATE ex )  FED.R.CIV.P. 26(b) and 37(a)(5)(A);
15  rel THE REGENTS OF THE UNIVERSITY  )  DECLARATION OF KALEB
    OF NEVADA LAS VEGAS; SCOTT SMITH,  )  ANDERSON, ESQ. WITH EXHIBITS;
16  an individual; TOM WILLIAMS, an    )  DECLARATION OF SHANNON
    individual; and PAUL FERGUSON, an  )  NORDSTROM, ESQ. WITH EXHIBITS**
17  individual,                        )
                                       )
18               Defendants.           )
                                       )
19  _____  )

20        Defendant THE UNLV RESEARCH FOUNDATION ("UNLVRF"), by and through its

21  attorneys, LIPSON, NEILSON, COLE, SELTZER & GARIN P.C., hereby moves this

22  Honorable Court for an Order compelling Plaintiff Tara Sweeney to respond to UNLVRF's

23  First Set of Interrogatories within seven (7) days under FRCP 26(b), 33, and 37(a)(5)(A) on

24  the grounds that Plaintiff failed to timely provide complete and verified responses and

25  refuses to withdraw the objections to her untimely responses.  Defendant also moves this

26  Court for an Order requiring Plaintiff and/or her counsel to reimburse it for its fees associated

27  with bringing this motion.

28  / / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

This Motion is based on FRCP 26(b) and 37(a)(5)(A), the Memorandum of Points and Authorities attached hereto, the Declaration of Kaleb Anderson, Esq. with exhibits, and the Declaration of Shannon Nordstrom, Esq. with exhibits, together with the pleadings on file herein., and any such evidence and argument as may be presented at the hearing of this motion.

Dated this 5th of April, 2010.

LIPSON NEILSON COLE SELTZER & GARIN P.C.

By: _____
    Joseph P. Garin (Bar No. 6653)
    Shannon D. Nordstrom (Bar No. 8211)
    9580 West Sahara Avenue, Suite 120
    Las Vegas, Nevada 89117
    (702) 382-1500
    Attorneys for Defendants,
    THE UNLV RESEARCH FOUNDATION, TOM WILLIAMS & PAUL FERGUSON

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  Factual Background

Plaintiff worked for UNLVRF beginning August 1, 2004, with the Institute for Security Studies ("ISS").  UNLVRF is a non-profit corporation which supports various programs at UNLV, including a Masters Program in Homeland Security.

Due to the impending loss of funding, Plaintiff received written notice on June 30, 2006 that her employment would be terminated.  Plaintiff's notice provided her with one year advance notice of her termination.  Consistent with the one year advance notice she had been given, Plaintiff's employment terminated on June 30, 2007.

In this case, Plaintiff claims that she was not paid commensurate with similarly situated male employees with the same or similar credentials while at UNLVRF, that she was subjected to gender and sexual harassment while working for UNLVRF, and that her termination was the result of retaliation.  Plaintiff claims a myriad of damages, including back pay and lost pay as a result of her employment and termination.

### 2.  Plaintiff Refuses to Comply with Her Discovery Obligations

Despite UNLVRF's attempts to obtain proper written discovery, Plaintiff refuses to comply with her discovery obligations.  Defendant seeks Plaintiff's compliance.

#### A.  Plaintiff's Failure to Remove Untimely Objections

The Federal Rules of Civil Procedure provide for specific avenues of discovery, certain requirements for complying with discovery, and certain penalties for failing to comply with discovery.  Specifically, Fed R. Civ. P. 33, subsections (b)(2) and (b)(3) provide that interrogatories must be responded to within thirty (30) days, and under oath. And, the grounds for objecting to an interrogatory must be stated with specificity, and if not stated timely the objection is waived.[1]   It is well established that, in the absence of an extension

///

///

---

[1] Fed. R. Civ. Proc., Rule 33(b)(4).

1 of time, "the failure to object to interrogatories within the time fixed by Rule 33, FRCivP,

2 constitutes a waiver of any objection."[2]

3         On December 21, 2009, UNLVRF served Interrogatories on Plaintiff, by mail. See "A"

4 to Declaration of Shannon D. Nordstrom, Esq.  This service made the responses due on or

5 before January 25, 2010.

6         On January 6, 2010, John C. Brice from Plaintiff's counsel's office sent

7 correspondence stating that he would likely need an extension on the responses until "early

8 February". See Exhibit "B" to Nordstrom Declaration. Ms. Nordstrom replied on January 10,

9 2010, indicating that an extension might be possible, but it would depend on the contents

10 of Plaintiff's initial disclosures which had not been received at the time [and were untimely

11 at that point]. The January 10th correspondence also requested a proposed extension date

12 from Mr. Brice, for the Defendants' consideration in light of Plaintiff's upcoming deposition.

13 See Exhibit "B" to Nordstrom Declaration.  UNLVRF received no further response or

14 communication regarding an extension.

15         The January 25, 2010 deadline for Plaintiff to serve her interrogatory responses came

16 and passed with no communication from Plaintiff.  On February 10, 2010, Defendant's

17 counsel sent a letter to Plaintiff's counsel noting that Plaintiff did not obtain an extension and

18 that since the interrogatory responses were then untimely that all objections were waived.

19 Defendant's counsel further demanded that Plaintiff provide her interrogatory responses,

20 without objections, no later than February 15, 2010. See Exhibit "C" to Nordstrom

21 Declaration.

22         On February 15, 2010, Defendants counsel finally received Plaintiffs Responses to

23 UNLVRF's First Set of Interrogatories.  In addition to not providing a verification, the untimely

24

25

26

27 [2] *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) See also *Rishmark Corp. v. Timber Falling Consultants*, 959 F.2d 1154, 1160 (9th Cir. 1992); *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss.1990); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn.1989); *Fretz v. Keltner*, 109 F.R.D. 303, 309 (D. Kan.1985); *Turick v. Yamaha*

28 *Motor Corp.*, 121 F.R.D. 32, 36 (S.D.N.Y. 1988).

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

responses contained the following objections:[3]

**INTERROGATORY NO. 1.**
Please STATE the name, address and telephone number of each of YOUR employers from 2000 to the time YOU were hired by Defendant, including the dates of employment.

**RESPONSE:**
OBJECTION: This information is equally available to the Defendant as it is to the Plaintiff. Without waiving this objection, ....

**INTERROGATORY NO. 2.**
DESCRIBE YOUR formal education, including the name of each school attended, the dates when YOU attended each school and whether any degree or certificate was obtained from each school.

**RESPONSE:**
OBJECTION: This information is equally available to the Defendant as it is to the Plaintiff. Without waiving this objection, ....

**INTERROGATORY NO. 10.**
Are YOU presently married? If so, please state:
. . . .

**RESPONSE:**
OBJECTION: Relevance. Without waiving this objection, No.

**INTERROGATORY NO. 11.**
If YOU are a parent to any children, please state as to each child:
. . . .

**RESPONSE:**
OBJECTION: Relevance. Without waiving this objection, No.

**INTERROGATORY NO. 12.**
Are there any other persons dependant upon YOU for purposes of financial support? If so, please state:
. . . .

**RESPONSE:**
OBJECTION: Relevance. Without waiving this objection, No.

**INTERROGATORY NO. 13.**
Have YOU ever previously been married? If so please state:
. . . .

**RESPONSE:**
OBJECTION: Relevance. Without waiving this objection, No.

**INTERROGATORY NO. 16.**

---

[3] Plaintiff also objected to the disclosure of certain personal information, including date and place of birth, social security number, and driver's license number. Although no protective order was sought, UNLVRF does not request the disclosure of this information be compelled.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

1         Have YOU ever been detained, arrested and/or convicted or adjudicated for
the alleged commission of a civil infraction, misdemeanor, felony and/or other
2    offense (including juvenile offenses)?  If so, please state:
   . . . .
3
**RESPONSE:**
4         OBJECTION: Relevance.  Without waiving this objection, No.

5    <u>See</u> Exhibit "A" to Nordstrom Declaration.

6         Absent an extension, the law is clear that all objections to Interrogatories were waived

7    by their delinquency. <u>See</u> *Davis* at 1160.  Accordingly, Defendant requests Plaintiff provide

8    amended responses with no objections.

9         **B.**     **Plaintiff Failed to Verify Her Interrogatory Responses**

10        Failing to verify responses required to be made under oath is the same as not

11   providing responses at all.  Fed R. Civ. P. 33(b)(3) requires that "[e]ach interrogatory

12   must...be answered separately and fully in writing under oath."[4]   <u>See</u> Exhibit "D" to

13   Nordstrom Declaration. At Plaintiff's deposition on February 23, 2010, Defendants' counsel

14   spoke with Plaintiff's counsel about the absence of the verification.  <u>See</u> Nordstrom

15   Declaration, ¶ 10.  Despite serving her responses about six weeks ago, Plaintiff's obligation

16   to provide a verification, and UNLVRF specifically requesting a verification, Plaintiff failed to

17   provide a verification, making them equivalent to no response at all.

18        UNLVRF requests Plaintiff provide amended interrogatory responses, with no

19   objections, all verified under oath as required.

20   **3.**    **<u>Defendant's Meet-and-Confer Efforts Were Met with Sheer Refusal</u>**

21        In addition to the meet-and-confer efforts indicated above regarding the verification,

22   on March 12, 2010, Defendant's counsel sent another letter to Plaintiff's counsel requesting

23   responses without objections no later than March 19, 2010. <u>See</u> Exhibit "E" to Declaration

24   of Kaleb Anderson, Esq.  Having received no response from Plaintiff's counsel and no

25   amended responses, Defendant's counsel called and spoke with Mr. Brice from Plaintiff's

26   

27     [4] See also *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536 (S.D.W. Va., 2005)(invalidating unverified
interrogatory responses and holding that "[w]hen responses are only signed by an attorney, and not by the client,
28   the attorney has effectively been made a witness.").

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

1  attorney's office on March 19, 2010. Mr. Brice informed counsel that Plaintiff's attorney likely

2  had not yet seen the March 12, 2010 letter, and that a response would be made by March

3  23, 2010. <u>See</u> Anderson Declaration, ¶ 5.

4       On March 23, 2010 Plaintiff's counsel responded with a letter obstinately stating, "I

5  am in receipt of your letter of March 12 regarding the issue of objections to your discovery

6  requests. I found your analysis devoid of legal citation. I disagree with your analysis. I will

7  not withdraw my objections." <u>See</u> Exhibit "F" to Anderson Declaration. Following the receipt

8  of Plaintiff's March 23 letter, Defendant made one last plea with Plaintiff's counsel regarding

9  the delinquent and improper discovery requests, urging compliance prior to March 29, 2010

10  to avoid the present motion. <u>See</u> Exhibit "G" to Anderson Declaration. Plaintiff's counsel

11  remains silent.

12  **4.   <u>Plaintiff's Disregard for Her Discovery Obligations and Failure to Meet-</u>**

13  **<u>and-confer in Good Faith Warrants Reimbursement of Defendant's</u>**
    **<u>Attorney's Fees</u>**

14       Despite efforts to obtain Plaintiff's compliance with her discovery obligations, no

15  meaningful discussion or engagement came from Plaintiff. Fed R. Civ. P. 37(a)(5)(A) states

16  that if a discovery motion is granted compelling discovery - or if the requested discovery is

17  provided after the motion to compel is filed:

18       [T]he court must. . .require the party or deponent whose
         conduct necessitated the motion, the party or attorney advising

19       that conduct, or both to pay to the movant's  reasonable
         expenses incurred in making the motion, including attorney's

20       fees. But the court must not order payment if:
         (I)    the movant filed the motion before attempting in good

21              faith to obtain the. . .discovery without court action;
         (ii)   the opposing party's nondisclosure, responses or

22              objection was substantially justified; or
         (iii)  other circumstances make an award of expenses unjust.

23

24       UNLVRF's counsel attempted to resolve the instant issues before filing this motion

25  as set forth herein, and in the Declarations of Shannon D. Nordstrom and Kaleb D.

26  Anderson. Plaintiff essentially ignored UNLVRF's requests, forcing it to bring this motion.

27  In the present matter, Plaintiff lacks any justification for her refusal to meaningfully meet and

28

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

1  confer, or to comply with her discovery obligations in the first instance.  It appears Plaintiff's

2  actions serve only to obstruct discovery and to frustrate the progression of this litigation.  As

3  such, UNLVRF requests that the Court award UNLVRF all attorneys fees associated with

4  bringing this motion, including fees for attempting to meet and confer, filing the motion,

5  responding to the opposition if any, and attending any hearing on the matter.  Said fees will

6  detailed in the Reply to this motion after Defendant's have a clear picture of the overall time

7  incurred.

8  **5.**    **Conclusion**

9         UNLVRF properly served Interrogatories on Plaintiff.  Plaintiff's untimely responses

10 contained numerous objections and were not verified as required.  Despite this, Plaintiff

11 refused to meaningfully meet and confer or to correct the problems with her discovery,

12 necessitating this motion.  As a result, UNLVRF requests the Court compel Plaintiff's

13 compliance to provide verified responses, without objections, and order Plaintiff and/or her

14 counsel to reimburse UNLVRF for its fees associated with bringing this motion.

15         Dated this 5th day of April, 2010.

16         LIPSON NEILSON COLE SELTZER & GARIN P.C.

17         By: _____

18              Joseph P. Garin (Bar No. 6653)
                Shannon D. Nordstrom (Bar No. 8211)
19              9580 West Sahara Avenue, Suite 120
                Las Vegas, Nevada 89117
20              (702) 382-1500
                Attorneys for Defendants,
21              THE UNLV RESEARCH FOUNDATION, TOM
                WILLIAMS & PAUL FERGUSON

22

23

24

25

26

27

28

**DECLARATION OF SHANNON D. NORDSTROM, ESQ. IN SUPPORT OF THE UNLV RESEARCH FOUNDATION'S MOTION TO COMPEL FURTHER RESPONSES AND WITHDRAW OBJECTIONS TO INTERROGATORIES UNDER FED.R.CIV.P. 26(b) and 37(a)(5)(A)**

I, Shannon D. Nordstrom, Esq., hereby declare and state as follows:

1.     I am an attorney in the law firm Lipson, Neilson, Cole, Seltzer & Garin, P.C., counsel of record for Defendants in this matter.  I am in good standing and duly licensed to practice law in Nevada.

2.     I know the matters set forth herein of my own personal knowledge.  I am competent to testify as to those facts stated herein in a court of law and will so testify if called upon.  I make this affidavit in support of  UNLV Research Foundations's Motion to Compel Further Responses and to Withdraw Objections to Interrogatories Under Fed.R.Civ.P. 26(b) and 37(a)(5)(A).

3.     On December 21, 2010, UNLVRF propounded Interrogatories on Plaintiff by mail, making the responses due on or before January 25, 2010.

4.     On January 6, 2010, John C. Brice from Plaintiff's counsel's office sent an email stating that he would likely need an extension on the responses until "early February." See Exhibit "B."

5.     January 10, 2010, I replied to Mr. Brice indicating that an extension might be possible, but it would depend on the contents of Plaintiff's initial disclosures which had not been received [and were untimely] at the time.  The January 10th response also requested a proposed extension date for Defendant's consideration.  See Exhibit "B."

6.     I received no further communications from Plaintiff's counsel regarding an extension and no extension was agreed to or finalized.

7.     Plaintiff did not serve her Responses to Interrogatories on or before January 25, 2010.

8.     On February 10, 2010, I sent a letter to Plaintiff's counsel reiterating that no extension had been granted and noting that since the Interrogatory Responses were

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

untimely that all objections were therefore waived.  I also demanded Plaintiff provide the Interrogatory Responses, without objections, no later than February 15, 2010.  See Exhibit "C."

9.      That on February 15, 2010, I received a copy of Plaintiff's Responses to UNLVRF's First Set of Interrogatories.  They did not contain a verification signed by Plaintiff, and they contained numerous objections.  See Exhibit "D."

10.     At Plaintiff's deposition on February 23, 2010, I informed Plaintiff's counsel that I did not receive a verification for the Interrogatory responses and requested one be provided.

11.     I have not received a verification to Plaintiff's interrogatory responses.

12.     I verified with counsel for UNLV and Scott Smith, Susan O'Brien, Esq., that she also did not receive a verification for Plaintiff's interrogatory responses.

13.     UNLVRF now seeks by way of this Motion to Compel to obtain Plaintiff's verified responses, without objections.

14.     Despite the meet-and-confer efforts of this office, we obtained no resolution to the issues presented in this motion.

**Exhibits**

15.     I attach true and correct copies of the following documents:

| Exhibit | Description |
|---------|-------------|
| A | Defendant The UNLV Research Foundation's First Set of Interrogatories to Plaintiff dated December 21, 2010. |
| B | Email from John C. Brice to Shannon Nordstrom dated January 6, 2010 and return email from Shannon Nordstrom to John Brice dated January 10, 2010. |
| C | February 10, 2010 correspondence from Shannon Nordstrom to Jeffrey Whitehead regarding delinquent discovery responses and waived objections. |

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

| D | Plaintiff's Responses to Defendant UNLV Research Foundation's First Set of Interrogatories to Plaintiff, dated February 12, 2010. |

Executed this 5th day of April, 2010, at Las Vegas, Nevada.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct to the best of my knowledge.

SHANNON D. NORDSTROM, ESQ.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

### DECLARATION OF KALEB D. ANDERSON, ESQ. IN SUPPORT OF THE UNLV RESEARCH FOUNDATION'S MOTION TO COMPEL FURTHER RESPONSES AND WITHDRAW OBJECTIONS TO INTERROGATORIES UNDER FED.R.CIV.P. 26(b) and 37(a)(5)(A)

I, Kaleb D. Anderson, Esq., hereby declare and state as follows:

1.     I am an attorney in the law firm Lipson, Neilson, Cole, Seltzer, Garin, P.C., counsel of record for Defendants in this matter.  I am in good standing, duly licensed to practice law in Nevada.

2.     I know the matters set forth herein of my own personal knowledge.  I am competent to testify as to those facts stated herein in a court of law and will so testify if called upon. I make this affidavit in support of UNLV RESEARCH Foundations's Motion to Compel Further Responses and Withdraw Objections to Interrogatories Pursuant to Fed.R.Civ.P. 26(b) and 37(a)(5)(A).

3.     That on March 12, 2010 I sent a letter to Plaintiff's counsel requesting Interrogatory Responses without objections.  Plaintiff was given until March 19, 2010 to provide a response.  See Exhibit "E."

4.     That on March 19, 2010 no response had been received.

5.     That on March 19, 2010 I called Plaintiff's counsel's office and spoke with John Brice.  Mr. Brice informed me that he believed that Mr. Whitehead had not yet seen the March 12 letter and stated that he would provide a response to our demand by March 23, 2010.

6.     That on March 23, 2010 Plaintiff's counsel sent a letter addressed to declarant stating, "I am in receipt of your letter of March 12 regarding the issue of objections to your discovery requests.  I found your analysis devoid of legal citation.  I disagree with your analysis. I will not withdraw my objections." See Exhibit "F."

7.     That on March 26, 2010 I sent one final letter to Plaintiff's counsel regarding the delinquent discovery requests, urging a response prior to March 29, 2010 to avoid the present motion.  See Exhibit "G."

8.    To date, Plaintiff has provided no response.

9.    UNLVRF now seeks by way of this Motion to Compel complete responses, without objections from Plaintiff to UNLVRF's Interrogatories.

10.    The undersigned hereby certifies that, pursuant to Fed. R. Civ. P. 37(a)(1) and LR-26-7(b) I have, in good faith, conferred with Plaintiff's counsel in an attempt to receive responses to this discovery.  I received no response and was forced to bring this motion to compel responses to this discovery.

**Exhibits**

11.    I attach true and correct copies of the following documents:

| Exhibit | Description |
|---------|-------------|
| E | March 12, 2010 letter from Kaleb Anderson to Jeffrey Whitehead regarding waived objections. |
| F | March 23, 2010 letter from Jeffrey Whitehead to Kaleb Anderson regarding disagreement with analysis and refusal to comply. |
| G | March 26, 2010 letter from Kaleb Anderson to Jeffrey Whitehead regarding compliance or motion to compel. |

Executed this 5th day of April, 2010, at Las Vegas, Nevada.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct to the best of my knowledge.

KALEB D. ANDERSON, ESQ.

*Lipson, Neilson, Cole, Seltzer & Garin, P.C.*
*9580 West Sahara Avenue, Suite 120*
*Las Vegas, Nevada 89117*
*(702) 382-1500*

1

## CERTIFICATE OF SERVICE

I certify that on the 5th day of April, 2010, I served a true and correct copy of THE UNLV RESEARCH FOUNDATION'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES PURSUANT TO FED.R.CIV.P. 26(b) and 37(a)(5)(A) upon the following parties, via first class mail, postage prepaid, addressed as follows:

Jeffrey J. Whitehead, Esq.
WHITEHEAD LAW OFFICES
2431 W. Horizon Ridge Pkwy., Suite 110
Las Vegas, NV 89052
Attorneys for Plaintiff

Susan C. O'Brien, Esq.
UNLV - General Counsel
Box 451085
4505 Maryland Pkwy
Las Vegas, NV 89154-1085
Attorneys for Defendant,
STATE ex rel THE REGENTS OF THE
UNIVERSITY OF NEVADA LAS VEGAS

An Employee of
Lipson, Neilson, Cole, Seltzer & Garin, P.C.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

# EXHIBIT "A"

# EXHIBIT "A"

**INTG**
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
SHANNON D. NORDSTROM, ESQ.
Nevada Bar No. 8211
LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada  89117
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com

Attorneys for Defendants,
THE UNLV RESEARCH FOUNDATION,
SCOTT SMITH, TOM WILLIAMS and
PAUL FERGUSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARA SWEENEY,<br><br>            Plaintiff,<br><br>vs.<br><br>THE UNLV RESEARCH FOUNDATION, a domestic non-profit corporation; STATE ex rel THE REGENTS OF THE UNIVERSITY OF NEVADA LAS VEGAS; SCOTT SMITH, an individual; TOM WILLIAMS, an individual; and PAUL FERGUSON, an individual,<br><br>            Defendants. | CASE NO.:  2:09-cv-1167-JCM-GWF<br><br>**DEFENDANT THE UNLV RESEARCH FOUNDATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** |

NOW COMES Defendant, THE UNLV RESEARCH FOUNDATION, by and through its attorneys, LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., and hereby submits the following Interrogatories to be answered fully and in writing, under oath, by the above-named Plaintiff, TARA SWEENEY, pursuant to F.R.C.P. 33.  Defendant expressly reserves the right to submit further Interrogatories.

/ / /

/ / /

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**INSTRUCTIONS AND DEFINITIONS**

The information that is sought must be given in full and in detail, under oath, whether it is secured by you, your agent, representative, attorney or any other person who has made this knowledge known to you or from whom you can obtain this information and who is competent to testify to the facts stated.

As used herein, "**DESCRIBE**", "**SPECIFY**" and/or "**STATE**" shall require you to set forth fully and unambiguously, using technical terms or words of art, if necessary, each and every fact relevant to the answer called for by the Interrogatory which the answering party or its agents, employees or representatives have knowledge.

As used herein, the term "**IDENTIFY**" when referring to a "**PERSON**" means to set forth the name, address, and phone number.

"**YOU**" and "**YOUR**" shall mean to include the answering party, and each of the said party's representatives, and where appropriate, the directors, firm, corporation, trust, governmental agency or other entities; and also, if relevant, the individual representing such "**PERSON**".

"**PERSON**" and/or "**INDIVIDUAL**" shall mean any individual, partnership, firm, corporation, trust, governmental agency or other entities; and also, if relevant, the individual representing such "**PERSON**".

As used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular. Words of one gender shall be deemed to include words of all genders.

To the extent that they are not otherwise identified in the course of answering these Discovery Requests, identify with respect to each Interrogatory, all documents upon which you rely in responding to these Discovery Requests.

These Discovery Requests are deemed continuing and any information secured after the service of answers hereto shall be served as supplemental answers within the time specified above, after such information is secured.

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.<br>9580 West Sahara Avenue, Suite 120<br>Las Vegas, Nevada 89117<br>(702) 382-1500

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please **STATE** the name, address and telephone number of each of **YOUR** employers from 2000 to the time **YOU** were hired by Defendant, including the dates of employment.

**INTERROGATORY NO. 2:**

**DESCRIBE YOUR** formal education, including the name of each school attended, the dates when **YOU** attended each school and whether any degree or certificate was obtained from each school.

**INTERROGATORY NO. 3:**

If currently employed, please provide the name and address of **YOUR** employer.

**INTERROGATORY NO. 4:**

Have **YOU** ever received any federal or state government benefits for disability, unemployment, retirement, health care, social security or welfare benefit of any nature? If so, please **IDENTIFY** the specific nature of each benefit received.

**INTERROGATORY NO. 5:**

If **YOU** applied for employment with any company since the date of the events that gave rise to this lawsuit, please **IDENTIFY** the name, address, and date(s) of application of each.

**INTERROGATORY NO. 6:**

State the name and addresses of all persons who **YOU** may call as an expert witness at trial. For each person so listed, state:

      a.    The subject matter about which the expert is expected to testify;

      b.    The substance of the facts and opinions to which the expert is expected to testify;

      c.    A summary of the grounds for each opinion; and,

/ / /

/ / /

d.   Whether the expert has made any written report or statement regarding the substance of his/her opinion and/or proposed testimony.   If so, please attach a copy of said report or statement.

**INTERROGATORY NO. 7:**

**IDENTIFY** by name and address each and every person which Plaintiff has reason to believe may be a witness called by Plaintiff at the trial of this matter or who has personal knowledge of Plaintiff's claims.  For each person so listed, state:

a.   A short statement in narrative form describing the nature and substance of the proposed testimony of the witness and/or the personal knowledge of the individual; and

b.   **IDENTIFY** which allegations in the Complaint or defenses would be addressed by the proposed testimony of the witness and/or the personal knowledge of the individual.

**INTERROGATORY NO. 8:**

Please **IDENTIFY** yourself by stating:

a.   **YOUR** full name (if **YOU** have ever used or been known by any other name, please state each other name);

b.   **YOUR** current address and first date of residency there;

c.   Each of **YOUR** former addresses for the past ten (10) years, together with the dates when **YOU** lived at each address;

d.   **YOUR** date and place of birth;

e.   **YOUR** social security number; and

f.   **YOUR** driver's license number and the state(s) in which **YOU** are licensed.

/ / /

/ / /

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**INTERROGATORY NO. 9:**

Please **IDENTIFY** each and every person consulted by **YOU** in preparing the answers to these interrogatories and indicate to which answers each person contributed or was asked to contribute.  In addition, please **IDENTIFY** the sources of all information relied upon to answer these interrogatories other than personal knowledge.

**INTERROGATORY NO. 10:**

Are **YOU** presently married?  If so, please state:

    a.    When and where **YOU** were married, and the full name and address of **YOUR** spouse;

    b.    If there is a divorce action pending or contemplated between **YOU** and **YOUR** present spouse;

    c.    Whether or not a divorce action has been filed; and,

    d.    If a divorce action has been filed, give the name of the court in which it is pending.

**INTERROGATORY NO. 11:**

If **YOU** are a parent to any children, please state as to each child:

    a.    Name and present address;

    b.    Date and place of birth;

    c.    Marital status of each child;

    d.    Date and place of each child's marriage and the full name of each spouse; and

    e.    The approximate amount of financial support **YOU** provide each child per year.

**INTERROGATORY NO. 12:**

Are there any other persons dependent upon **YOU** for purposes of financial support? If so, please state:

    a.    The name, address, relationship and age of each dependent; and,

1
        b.      State the amount of financial support **YOU** provide each

2
               dependent per year.

3
**INTERROGATORY NO. 13:**

4
    Have **YOU** ever previously been married?  If so, please state:

5
        a.      The name of each former spouse;

6
        b.      The date and place of each marriage;

7
        c.      The date of termination of each marriage; and

8
        d.      If terminated by divorce, give the date and place of the divorce,

9
               the name of the court in which the divorce was granted and the

10
               last known address of the spouse.

11
**INTERROGATORY NO. 14:**

12
    Are **YOU** making a claim for loss of wages or other income as a result of the

13
occurrences which give rise to **YOUR** Complaint?

14
**INTERROGATORY NO. 15:**

15
    If **YOUR** answer to Interrogatory No. 14 is in the affirmative, please state:

16
        a.      All earnings or sums of money which **YOU** claim to have been

17
               deprived of by reason of Defendants' actions;

18
        b.      The method of computing said losses;

19
        c.      The date(s) during which **YOU** were prevented from earning

20
               such income; and

21
        d.      Whether **YOU** were working part time or whether **YOU** are fully

22
               unable to work during the period of such loss.

23
**INTERROGATORY NO. 16:**

24
    Have **YOU** ever been detained, arrested and/or convicted or adjudicated for the

25
alleged commission of a civil infraction, misdemeanor, felony and/or other offense (including

26
juvenile offenses)?  If so, please state:

27
        a.      The time, date and location of each such detention and/or arrest;

28
/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9500 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

b.   The particular court where the action involving the detention and/or arrest was filed, including the case number assigned by the court;

c.   The specific charge for which **YOU** were arrested or detained on each such occasion;

d.   If **YOU** have ever been named as a defendant in a criminal proceeding and/or equivalent juvenile action, state for each such action:

i.   The court where the action was filed and the case number of same assigned by the court;

ii.  The particular charges which were the subject of such court action and the disposition of charge; and

e.   To the extent not indicated in **YOUR** response to the preceding sub-parts of this interrogatory, the disposition of each charge for which **YOU** were arrested or detained.

**INTERROGATORY NO. 17:**

As a result of the incidents or events in **YOUR** Complaint, set forth in detail the nature of the damages alleged to have been sustained by **YOU** (other than those identified in **YOUR** Answer to Interrogatory No. 16 and **DESCRIBE** the method of computation used by Plaintiff in arriving at these damage figures.

**INTERROGATORY NO. 18:**

Have **YOU** spoken to or corresponded with any current or former employees of Defendant UNLV RESEARCH FOUNDATION, relative to any of **YOUR** claims? If so, state the name and address of each person with whom such a conversation or correspondence was had, the date of the conversation or correspondence, and the nature of the conversation or correspondence.

///

///

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**INTERROGATORY NO. 19:**

State whether **YOU** have ever received reprimands or other forms of disciplinary actions or counseling from employers *other than* Defendant UNLV RESEARCH FOUNDATION. If so, please state the name and address of the employer, the nature of the infraction for which **YOU** were reprimanded, disciplined or counseled, and **IDENTIFY** any documents pertaining to any of these actions.

**INTERROGATORY NO. 20:**

**DESCRIBE** every document which was examined or consulted by Plaintiff, her representative(s) or attorney(s) in preparing answers to the foregoing Interrogatories, and indicate the name and address of the custodian of each of those document(s).

**INTERROGATORY NO. 21:**

If **YOU** claim personal injuries as a result of the circumstances or events alleged in **YOUR** Complaint, please **DESCRIBE** each injury, state when it first manifested, and **DESCRIBE** all treatment **YOU** have received for said injury(ies).

Dated this 21st of December, 2009

LIPSON NEILSON COLE SELTZER & GARIN P.C.

By: _____
Joseph P. Garin, Esq. (Bar No. 6653)
Shannon D. Nordstrom, Esq. (Bar No. 8211)
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500
Attorneys for Defendants,
THE UNLV RESEARCH FOUNDATION, SCOTT
SMITH, TOM WILLIAMS & PAUL FERGUSON

1

## CERTIFICATE OF SERVICE

2      I certify that on the 21st day of December, 2009, I served a true and correct copy of

3  **DEFENDANT   THE   UNLV   RESEARCH   FOUNDATION'S   FIRST   SET   OF**

4  **INTERROGATORIES TO PLAINTIFF** upon the following parties, via first class mail, postage

5  prepaid, addressed as follows:

6                          Jeffrey J. Whitehead, Esq.
                           WHITEHEAD LAW OFFICES
7                    2431 W. Horizon Ridge Pkwy., Suite 110
                           Las Vegas, NV 89052
8                           Attorneys for Plaintiff

9                          Susan C. O'Brien, Esq.
                           UNLV - General Counsel
10                              Box 451085
                             4505 Maryland Pkwy
11                         Las Vegas, NV 89154-1085
                           Attorneys for Defendant,
12                    STATE ex rel THE REGENTS OF THE
                     UNIVERSITY OF NEVADA LAS VEGAS
13

14

15                    An Employee of
                      Lipson, Neilson, Cole, Seltzer & Garin, P.C.
16

17

18

19

20

21

22

23

24

25

26

27

28

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

# EXHIBIT "B"

EXHIBIT "B"

## SHANNON NORDSTROM

**From:**      SHANNON NORDSTROM
**Sent:**      Sunday, January 10, 2010 12:48 PM
**To:**      'Jay Brice'
**Subject:**      RE: Sweeney v. UNLV Research Foundation: Discovery Responses

Jay,

We can likely work out an extension, but I will need to see your client's initial document disclosures to determine the amount of time we can allow on the extension. Since they were due Friday, I expect to receive them in the mail on Monday and will take a look at them. Please send me a proposed date for my consideration.

Thank you,
Shannon



*Shannon Nordstrom, Esq.*
*Lipson, Neilson, Cole, Seltzer & Garin, P.C.*
*9580 West Sahara Ave., Suite 120*
*Las Vegas, NV  89117*
*(702) 382-1500*
*(702) 375-6358 (cell)*
*(702) 382-1512 (fax)*
*E-Mail:  snordstrom@lipsonneilson.com*
*Website:  www.lipsonneilson.com*

*OFFICES IN NEVADA & MICHIGAN*

*****************************************************************************
*CONFIDENTIALITY NOTICE*

*This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on the contents of this information is prohibited and may be unlawful. If you receive this message in error, or are not the named recipient(s), please notify the sender, delete this e-mail from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.*

*IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.*

**From:** Jay Brice [mailto:jay@whiteheadlaw.org]
**Sent:** Wednesday, January 06, 2010 2:03 PM
**To:** SHANNON NORDSTROM
**Subject:** Sweeney v. UNLV Research Foundation: Discovery Responses

Dear Shannon:

You issued discovery requests which we received on December 22. We are working with our client on preparing responses, however she learned last week that she is moving to Massachusetts, and is even now packing for the move, and will spend next week driving across the country. She has made plans to be available for deposition on the dates we earlier provided, however as she is in the midst of the move even now, she is requesting that we procure an extension on the due date for her responses to the written discovery requests. I think early February would be acceptable. Please advise. Thanks.

Sincerely,

John C. Brice, J.D.
Whitehead Law Offices
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052
PH: (702) 451-7272
FAX: (702) 451-2947

NOTICE: Please do not print this e-mail unless necessary. If you must, please recycle. This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Whitehead Law Offices at (702) 451-7272 (collect), so that our address record can be corrected.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT "C"

# EXHIBIT "C"

LAW OFFICES

JEFFREY T. NEILSON[1,2,5]
JOSEPH P. GARIN[1,2,3,5]
PHILLIP E. SELTZER[1,2]
SHANNON D. NORDSTROM[1,6]
ANDY L. EDMONDSON[1]
JAMES B. FAIRBANKS[1,6]

1 ADMITTED IN NEVADA
2 ADMITTED IN MICHIGAN
3 ADMITTED IN ILLINOIS
4 ADMITTED IN NEW YORK
5 ADMITTED IN COLORADO
6 ADMITTED IN CALIFORNIA
7 ADMITTED IN FLORIDA
8 ADMITTED IN OHIO
9 ADMITTED IN WASHINGTON

# Lipson | Neilson

### COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: snordstrom@lipsonneilson.com

BARRY J. LIPSON
(1955-2003)

STEVEN R. COLE[2]
THOMAS G. COSTELLO[2]
DAVID B. DEUTSCH[2]
HOWARD A. LAX[2]
JOSEPH A. STARR[2]
STEVEN H. MALACH[2]
KAREN A. SMYTH[2,4]
KAY RIVEST BUTLER[2]
SCOTT D. STONER[2]
C. THOMAS LUDDEN[2]
STUART D. LOGAN[2]
ALEX L. ALEXOPOULOS[2,8]
KIRSTEN E. GRAMZOW[2]
STARR M. HEWITT[2]
SHAWN Y. GRINNEN[2]
JASON M. SHINN[2]
MARK E. PHILLIPS[2]
SANDY D. GLAZIER[2]
DOUGLAS E. KELIN[2,3,7]

February 10, 2010

***VIA FACSIMILE & U.S. MAIL***

Jeffrey J. Whitehead, Esq.
Whitehead Law Office
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052

> ***Re:   Tara Sweeney v. UNLV Research Foundation, et al.***
> ***Case No. 2:09-cv-01167***

Dear Mr. Whitehead:

As you know, the Research Foundation served a set of written Requests for Production and Interrogatories on Plaintiff on December 21, 2010, by email and first-class mail. This service made the responses due on or before January 25, 2010.

On January 6, 2010, Mr. Brice wrote to our office indicating that he would likely need an extension on the responses until "early February". We replied on January 10, 2010, indicating that we could likely work out an extension, but it would depend on the contents of Plaintiff's initial disclosures. We also requested a proposed extension date from Mr. Brice, for consideration. We attach a copy of that correspondence for your convenience. We received no response and the parties did not ultimately agree on an extension.

The failure to timely provide discovery responses results in the waiver of all objections. To date, Plaintiff's responses remain outstanding with no extension granted. Accordingly, please provide Plaintiff's responses, without objections, no later than February 15, 2010, or we will seek intervention of the court through motions to compel. In the event motions to compel become necessary, we will seek the appropriate reimbursement for the time associated with said motions.



Jeffrey J. Whitehead, Esq.
February 10, 2010
Page 2


        We look forward to your anticipated cooperation regarding this matter.  If you have
any questions, please do not hesitate to contact me at your convenience.  Thank you.

                        Very truly yours,

                        LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.


                        SHANNON D. NORDSTROM

SDN/cw/GR3384-034
Enclosure

cc:     Susan O'Brien, Esq. - via email

## SHANNON NORDSTROM

| | |
|---|---|
| **From:** | SHANNON NORDSTROM |
| **Sent:** | Sunday, January 10, 2010 12:48 PM |
| **To:** | 'Jay Brice' |
| **Subject:** | RE: Sweeney v. UNLV Research Foundation: Discovery Responses |

Jay,

We can likely work out an extension, but I will need to see your client's initial document disclosures to determine the amount of time we can allow on the extension. Since they were due Friday, I expect to receive them in the mail on Monday and will take a look at them. Please send me a proposed date for my consideration.

Thank you,
Shannon



Shannon Nordstrom, Esq.
Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Ave., Suite 120
Las Vegas, NV 89117
(702) 382-1500
(702) 375-6358 (cell)
(702) 382-1512 (fax)
E-Mail: snordstrom@lipsonneilson.com
Website: www.lipsonneilson.com

OFFICES IN NEVADA & MICHIGAN

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
CONFIDENTIALITY NOTICE

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on the contents of this information is prohibited and may be unlawful. If you receive this message in error, or are not the named recipient(s), please notify the sender, delete this e-mail from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.

**From:** Jay Brice [mailto:jay@whiteheadlaw.org]
**Sent:** Wednesday, January 06, 2010 2:03 PM
**To:** SHANNON NORDSTROM
**Subject:** Sweeney v. UNLV Research Foundation: Discovery Responses

Dear Shannon:

You issued discovery requests which we received on December 22. We are working with our client on preparing responses, however she learned last week that she is moving to Massachusetts, and is even now packing for the move, and will spend next week driving across the country. She has made plans to be available for deposition on the dates we earlier provided, however as she is in the midst of the move even now, she is requesting that we procure an extension on the due date for her responses to the written discovery requests. I think early February would be acceptable. Please advise. Thanks.

Sincerely,

John C. Brice, J.D.
Whitehead Law Offices
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV  89052
PH: (702) 451-7272
FAX: (702) 451-2947

NOTICE: Please do not print this e-mail unless necessary. If you must, please recycle. This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Whitehead Law Offices at (702) 451-7272 (collect), so that our address record can be corrected.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# FAX TRANSMISSION

LAW OFFICES

# Lipson|Neilson

COLE, SELTZER, GARIN, P.C.

*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: snordstrom@lipsonneilson.com

**Date:** February 10, 2010

| Addressee | Telephone Number | Telefax Number |
|---|---|---|
| Jeffrey J. Whitehead, Esq. | (702) 451-7272 | (702) 451-2947 |
|  |  |  |
|  |  |  |

**NUMBER OF PAGES:**   5   (Including this page)

**SUBJECT:**        UNLV Research Foundation, et al., adv. Sweeney

**COMMENTS:**        Please see attached correspondence.  Thank you.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: SHANNON D. NORDSTROM

Our Client Code: GR3384-034

Postscript:  If you do not receive all pages, or if any pages are illegible, please call
**(702) 382-1500** immediately.

*CONFIDENTIALITY NOTICE:*  The documents accompanying this telefax transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telefaxed information is strictly prohibited. If you have received this telefax in error, please immediately notify us by telephone at the number above and destroy the original telefax and all copies. Thank you.

# Send Result Report



MFP
CS-3050
Firmware Version  2GR_2000.008.025 2007.03.27

Job No.   : 075545        Total Time   : 0°00'55"       Page   : 005

# Completed

Document :   doc20100210175013

---

## FAX TRANSMISSION

LAW OFFICES

# Lipson|Neilson

### COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: snordstrom@lipsonneilson.com

**Date:** February 10

| Addressee | Telephone Number | Telefax Number |
|---|---|---|
| Jeffrey J. Whitehead, Esq. | (702) 451-7272 | (702) 451-294 |

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|---|---|---|---|---|---|---|
| 001 | 02/10/2010 17:50 | 4512947 | 0°00'55" | FAX | OK | 200x200 Fine / On |

# EXHIBIT "D"

# EXHIBIT "D"

1

2    Jeffrey J. Whitehead, Esq.
     Nevada Bar No. 3183
3    **WHITEHEAD LAW OFFICES**
     2431 W. Horizon Ridge Pkwy.
     Suite 110
4    Henderson NV 89052
     VOX: (702) 451-7272
5    FAX: (702) 451-2947
     email: jeff@whiteheadlaw.org
6
     *Attorneys for Plaintiff Tara Sweeney*
7
                          UNITED STATES DISTRICT COURT
8
                                DISTRICT OF NEVADA
9

10   TARA SWEENEY,                        | CASE NO.: 2:09-CV-01167

11

12                     Plaintiff,
                                          | Date of Hearing:
13   vs.                                  | Time of Hearing:

14   THE UNLV RESEARCH FOUNDATION, a
     domestic non-profit corporation; THE STATE
15   OF NEVADA ex. rel BOARD OF REGENTS   | PLAINTIFF'S RESPONSES TO
     OF THE NEVADA SYSTEM OF HIGHER       | DEFENDANT THE UNLV RESEARCH
16   EDUCATION, ON BEHALF OF THE          | FOUNDATION'S FIRST SET OF
     UNIVERSITY OF NEVADA, LAS VEGAS;     | INTERROGATORIES TO PLAINTIFF
17   SCOTT  SMITH  an  individual;  TOM
     WILLIAMS,  an  individual;  and  PAUL
18   FERGUSON, an individual;

19                    Defendants.

20

21

22   PLAINTIFF'S RESPONSES TO DEFENDANT THE UNLV RESEARCH FOUNDATION'S

23            FIRST SET OF INTERROGATORIES TO PLAINTIFF

24

25   **INTERROGATORY NO. 1.**

26        Please STATE the name, address and telephone number of each of YOUR employers

27   from 2000 to the the time YOU were hired by Defendant, including the dates of employment.

28        **RESPONSE:**

     OBJECTION: This information is equally available to the Defendant as it is to the Plaintiff.

1   Without waiving this objection,

2       Employer:    Bechtel Nevada;

3       Dates:    September 1998-November 2000;

4       Address:    2621 N. Losee Road, Las Vegas, NV 89193-8521;

5       Phone:    702.295.0577.

6

7       Employer:    Technical Solutions Group International;

8       Dates:    November 2000-December 2001;

9       Address:    3804 Triora Street, Las Vegas, NV 89129;

10      Phone:    702.656.5482.

11

12      Employer:    Servamer Corporation;

13      Dates:    December 2001-Present;

14      Address:    1450 W. Horizon Ridge Pkwy, Suite B304 #532, Henderson, NV

15      89012-4480; Phone:   702.808.7724.

16

17  **INTERROGATORY NO. 2.**

18      DESCRIBE YOUR formal education, including the name of each school attended, the

19  dates when YOU attended each school and whether any degree or certificate was obtained from

20  each school.

21      **RESPONSE:**

22  OBJECTION: This information is equally available to the Defendant as it is to the Plaintiff.

23  Without waiving this objection,

24

25      School:    United States Air Force Academy;

26      Dates:    1991-1995;

27      Degrees:    Bachelor of Science-Geography; Bachelor of Science-History.

28

School:       University of North Carolina at Chapel Hill;

Dates:        1995-1996;

Degree:       Master of Arts-Geography.

School:       University of Nevada, Las Vegas;

Dates:        1999;

Degree:       None—audited Calculus III.

School:       Community College of Southern Nevada;

Dates:        2002-2003;

Degree:       None—completed prerequisite courses for MBA.

School:       Regis University;

Dates:        2002-2007;

Degree:       Master of Business Administration.

**INTERROGATORY NO. 3.**

If currently employed, please provide the name and address of YOUR employer.

**RESPONSE:**

Employer:     Servamer Corporation;

Address:      1450 W. Horizon Ridge Pkwy, Suite B304 #532, Henderson, NV
              89012-4480.

**INTERROGATORY NO. 4.**

Have YOU ever received any federal or state government benefits for disability,

1   unemployment, retirement, health care, social security or welfare benefit of any nature?  If so,

2   please IDENTIFY the specific nature of each benefit received.

3   **RESPONSE:**

4   United States Air Force, Retirement.

5   Department of Veterans Affairs, Disability Compensation.

6

7   **INTERROGATORY NO. 5.**

8   If YOU applied for employment with any company since the date of the events that gave

9   rise to this lawsuit, please IDENTIFY the name, address, and date(s) of application of each.

10   **RESPONSE:**

11   Employer:     Servamer Corporation;

12   Address:       1450 W. Horizon Ridge Pkwy, Suite B304 #532, Henderson, NV

13   89012-4480;

14   Date of Application: July 1, 2007.

15   Additional responsive information is presently unavailable.  Plaintiff reserves the right to

16   supplement this response.

17   **INTERROGATORY NO. 6.**

18   State the name and address of all persons who YOU may call as an expert witness at trial.

19   For each person so listed, state:

20   a.      The subject matter about which the expert is expected to testify;

21   b.      The substance of the facts and opinions to which the expert is expected to testify;

22   c.      A summary of the grounds for each opinion; and

23   d.      Whether the expert has made any written report or statement regarding the

24   substnace of his/her opinion and/or proposed testimony.  If so, please attach a

25   copy of said report or statement.

26   **RESPONSE:**

27   No potential expert witnesses have yet been identified.  Plaintiff reserves the right to

28   supplement this response.

- 4 -

**INTERROGATORY NO. 7.**

IDENTIFY by name and address each and every person which Plaintiff has reason to believe may be a witness called by Plaintiff at the trial of this matter or who has personal knowledge of Plaintiff's claims. For each person so listed, state:

a.   A short statement in narrative form describing the nature and substance of the proposed testimony of the witness and/or the personal knowledge of the individual.

b.   IDENTIFY which allegations in the Complaint or defenses would be addressed by the proposed testimony of the witness and/or the personal knowledge of the individual.

**RESPONSE:**

See witnesses identified in Plaintiff's intial disclosures. To the extent that the following persons were not listed in those initial disclosures, the persons whose names follow hereafter may also be witnesses. Each such witness is expected to testify as to all facts within the scope of their knowledge which may pertain to any or all of the allegations in the Complaint.

-   Lee Bernick, Interim Dean, Greenspun College of Urban Affairs; Former Department Chair, Department of Public Administration

-   Harry Bostick, Former Director of Advanced Technologies , UNLV ISS

-   Elizabeth Dickson, Former CFO, UNLVRF

-   Paul Ferguson, Former Vice President for Research and Graduate Studies

-   Michael Gillette, Former Deputy Director of Training, Assessments, and Readiness, UNLV ISS

1      -      Kelly Greenwood, Former Operations Manager, UNLV ISS

2

3      -      David Hassenzahl, Chair, Department of Environmental and Public Affairs

4

5      -      Melany Hogan, Former Business Manager, UNLV ISS

6

7      -      Pam Levins, Former COO, UNLVRF

8

9      -      Karen Rankin, Former Consultant to UNLVRF

10

11     -      Mark Rudin, Former Interim Vice President for Research and Graduate College

12            Dean

13

14     -      Linda Smith, Former Consultant to UNLVRF/UNLVISS

15

16     -      Ron Smith, Vice President Research and Graduate Studies

17

18     -      Scott Smith, Executive Director, UNLV ISS

19

20     -      Christine Springer, Director ECEM, Department of Environmental and Public

21            Affairs

22

23     -      Ginger Swartz, Former Chief of Staff, UNLVRF

24

25     -      Martha Szramek, Former Research and Grant Writer, UNLVISS

26

27     -      Lee Van Arsdale, Former Executive Director, UNLVISS

28

1    -    Martha Watson, Former Dean, Greenspun College of Urban Affairs

2

3    -    Tom Williams, Former Executive Director, UNLVRF; Former Executive

4         Director, UNLVISS; Associate Vice President for Federal Agency Initiatives

5

6    **INTERROGATORY NO. 8.**

7         Please IDENTIFY yourself by stateing:

8    a.   YOUR full name (if YOU have ever used or been known by any other name,

9         please state each other name);

10   b.   YOUR current address and first date of residency there;

11   c.   Each of YOUR former addresses for the past ten (10) years, together with the

12        dates when YOU lived at each address;

13   d.   YOUR date and place of birth;

14   e.   YOUR social security number; and

15   f.   YOUR driver's license number and the state(s) in which YOU are licensed,.

16   **RESPONSE:**

17   a.   Tara Lynn Sweeney

18   b.   196 Tibbett Circle, Fitchburg, MA 01420

19   c.   514 Enchanted Lakes Drive, Henderson, NV 89052, January 2002-January 2010

20        210 Luninborg Street, Henderson, NV 89074, November 1998-January 2002

21   d.   OBJECTION AS TO DATE OF BIRTH.  Federal rules prohibit the inclusion of

22        such information in court documents Also, relevance..  OBJECTION AS TO

23        PLACE OF BIRTH: Relevance.

24   e.   OBJECTION AS TO SOCIAL SECURITY NUMBER.  Federal rules prohibit the

25        inclusion of such information in court documents.  Also, relevance.

26   f.   OBJECTION AS TO DRIVER'S LICENCE INFORMATION: Relevance.

27   **INTERROGATORY NO. 9.**

28

1    Please IDENTIFY each and evry person consulted by YOU in preparing the answers to

2 these interrogatories and indicate to which answers each person contributed or was asked to

3 contribute.  In addition, please IDENTIFY the source of all information relied upon to answer

4 these interrogatories other than personal knowledge.

5    **RESPONSE:**

6    Other than legal counsel, no one was consulted.  Source of incormation:  All documents

7 referenced in or attached to the Responses to Requests for Production of Documents.

8

9 **INTERROGATORY NO. 10.**

10    Are YOU presently married?  If so, please state:

11    a.    When and where YOU were married, and the full name and address of YOUR

12        spouse;

13    b.    If there is a divorce action pending or contemplated between YOU and YOUR

14        present spouse;

15    c.    Whether or not a divorce action has been filed; and,

16    d.    If a divorce action has been filed, give the name of the court in which it is

17        pending.

18    **RESPONSE:**

19    OBJECTION: Relevance.  Without waiving this objection, No.

20

21 **INTERROGATORY NO. 11.**

22    If YOU are a parent to any children, please state as to each child:

23    a.    Name and present address;

24    b.    Date and place of birth;

25    c.    Marital status of each child;

26    d.    Date and place of each child's marriage and the full name of each spouse; and

27    e.    The approximate amount of financial support YOU provide each child per year.

    **RESPONSE:**

28    OBJECTION: Relevance.  Without waiving this objection, No.

**INTERROGATORY NO. 12.**

Are there any other persons dependent upon YOU for purposes of financial support?  If so, please state:

a.    The name, address, relationship and age of each dependent; and

b.    State the amount of financial support YOU provide each dependent per year.

**RESPONSE:**

OBJECTION: Relevance.  Without waiving this objection, No.

**INTERROGATORY NO. 13.**

Have YOU ever previously been married?  If so, please state:

a.    The name of each former spouse;

b.    The date and place of each marriage;

c.    The date of termination of each marriage; and

d.    If terminated by divorce, give the date and place of the divorce, the name of the corut in which the divorce was granted and the last known address of the spouse.

**RESPONSE:**

OBJECTION: Relevance.  Without waiving this objection, No.

**INTERROGATORY NO. 14.**

Are YOU making a claim for loss of wages or other income as a result of the occurrences which give rise to YOUR Complaint?

**RESPONSE:**

Yes.

**INTERROGATORY NO. 15.**

If YOUR answer to Interrogatory No. 14 is in the affirmative, please state:

a.    All earnings or sums of money which YOU claim to have been deprived by reason of Defendants' actions;

b.    The method of computing said losses;

c.    The date(s) during which YOU were prevented from earning such income; and

d.    Whether YOU were working part time or whether YOU are fully unable to work during the period of such loss.

**RESPONSE:**

See the spreadsheet marked as **Exhibit A**, attached hereto and made a part hereof by this reference.  Plaintiff was working full time for the UNLV Research Foundation during the period of such loss.

**INTERROGATORY NO. 16.**

Have YOU ever been detained, arrested and/or convicted or adjudicated for the alleged commission of a civil infraction, misdemeanor, felony and/or other offense (including juvenile offenses)?  If so, please state:

a.    The time, date and location of each such detention and/or arrest;

b.    The particular court where the action involving the detention and/or arrest was filed, including the case number assigned by the court;

c.    The specific charge for which YOU were arrested or detained on each such occasion;

d.    If YOU have ever been named as a defendant in a criminal proceeding and/or equivalent juvenile action, state for each such action:

    i.    The court where the action was filed and hte case number of same assigned by the court;

    ii.   The particular charges which were the subject of such court action and the disposition of charge; and

e.    To the extent not indicated in YOUR response to the preceding sub-parts of this interrogatory, the disposition of each charge for which YOU were arrested or detained.

**RESPONSE:**

OBJECTION: Relevance.  Without waiving this objection, No.

- 10 -

**INTERROGATORY NO. 17.**

As a result of the incidents or events in YOUR Complaint, set forth in detail the nature of the damages alleged to have been sustained by YOU (other than those identified in YOUR Answer ot Interrogatory No. 16 and DESCRIBE the method of computation used by Plaintiff in arriving at these damage figures.

**RESPONSE:**

Damages include but are not limited to those accrued in the form of income that should have been paid to Plaintiff by Defendants but was not due to Defendants' unlawful and discriminatory actions.  The spreadsheet attached hereto and marked as **Exhibit A** illustrates the method by which these damages have been calculated.  This calculation is preliminary, and Plaintiff reserves the right to supplement this response with additional forms and calculations of damages.

**INTERROGATORY NO. 18.**

Have YOU spoken to or corresponded with any current or former employees of Defendant UNLV RESEARCH FOUNDATION, relative to any of YOUR claims?  If so, state the name and address of each person with whom such a conversation or correspondence was had, the date of the conversation or correspondence, and the nature of the conversation or correspondence.

**RESPONSE:**

-       Telephone Conversation; Lee Van Arsdale; Approximately December 2007; Notified him that I had listed him as a witness on my NERC Intake Inquiry Form, dated December 21, 2007.


-       Telephone Conversation; Martha Szramek; Approximately December 2007; Notified her that I had listed her as a witness on my NERC Intake Inquiry Form, dated December 21, 2007.

1        -        Telephone Conversation; Melany Hogan; Approximately December 2007;

2                 Notified her that I had listed her as a witness on my NERC Intake Inquiry Form,

3                 dated December 21, 2007.

4

5        -        Telephone Conversation; Lee Van Arsdale; Approximately January 2010;

6                 Provided a brief update on the status of the case

7

8        Plaintiff reserves the right to supplement this response.

9

10   **INTERROGATORY NO. 19.**

11        State whether YOU have ever received reprimands or other forms of disciplinary actions

12   or counseling from employers other than Defendant UNLV RESEARCH FOUNDATION.  If so,

13   please state the name and address of the employer, the nature of the infraction for which YOU

14   were reprimanded, disciplined or counseled, and IDENTIFY any documents pertaining to any of

15   these actions.

16        **RESPONSE:**

17        Yes.  Department of the Air Force, Headquarters 16th Special Operations Wing.

18        Letter of Admonishment for fraternizing with an enlisted person in violation of Article

19   134 of the Uniform Code of Military Justice, as well as AFI 36-2909.  Documents pertaining to

20   this action are included in the CD-ROM attached to the Responses to Requests for Production,

21   and bear bates numbers SWE000477-SWE000478.

22

23   **INTERROGATORY NO. 20.**

24        DESCRIBE every document which was examined or consulted by Plaintiff, her

25   representative(s) or attorney(s) in preparing answers to the foregoing Interrogatories, and

26   indicate the name and address of the custodian o feach of those document(s).

27        **RESPONSE:**

28        See response to Request for Production No. 1.

- 12 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE:**

No

DATED February 12, 2010.

Respectfully submitted,
WHITEHEAD LAW OFFICES

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
2431 W. Horizon Ridge Pkwy.
Suite 110
Henderson NV 89052
VOX: (702) 451-7272
FAX: (702) 451-2947
email: jeff@whiteheadlaw.org

*Attorney for Plaintiff Tara Sweeney*

- 13 -

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing  PLAINTIFF'S RESPONSES TO
DEFENDANT THE UNLV RESEARCH FOUNDATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF was sent February 12, 2010 to the following
person(s) by the following method(s):

☒ **U.S. Mail,** by depositing a true and correct copies of same in the United
States Mail, postage prepaid at Henderson, Nevada, to the persons at the
addresses listed below:

☒ e-mail, to the email addresses listed below:

☐ by facsimile transmission to the fax numbers listed below:

Shannon D. Nordstrom, Esq.
Lipson, Neilson, Cole Seltzer & Garin, PC
9580 West Sahara Ave., Suite 120
Las Vegas, NV  89117
FAX: (702) 382-1512
Snordstrom@lipsonneilson.com

Susan Carrasco O'Brien
University of Nevada Las Vegas
Office of General Counsel
Box 451085
4505 S. Maryland Parkway
Las Vegas, NV  89154-1085
FAX: (702) 895-5299
Susan.OBrien@unlv.edu

An Employee of WHITEHEAD LAW OFFICES

- 14 -

# EXHIBIT "E"

# EXHIBIT "E"

LAW OFFICES

BARRY J. LIPSON
(1955-2003)

JEFFREY T. NEILSON[1,2,5]
JOSEPH P. GARIN[1,2,3,5]
PHILLIP E. SELTZER[1,2]
SHANNON D. NORDSTROM[1,6]
ANDY L. EDMONDSON[1]
JAMES B. FAIRBANKS[1,9]
KALEB D. ANDERSON[1]

1 ADMITTED IN NEVADA
2 ADMITTED IN MICHIGAN
3 ADMITTED IN ILLINOIS
4 ADMITTED IN NEW YORK
5 ADMITTED IN COLORADO
6 ADMITTED IN CALIFORNIA
7 ADMITTED IN FLORIDA
8 ADMITTED IN OHIO
9 ADMITTED IN WASHINGTON

# Lipson | Neilson

### COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: kanderson@lipsonneilson.com

STEVEN R. COLE[2]
THOMAS G. COSTELLO[2]
DAVID B. DEUTSCH[2]
HOWARD A. LAX[2]
JOSEPH A. STARR[2]
STEVEN H. MALACH[2]
KAREN A. SMYTH[2,4]
KAY RIVEST BUTLER[2]
SCOTT D. STONER[2]
C. THOMAS LUDDEN[2]
STUART D. LOGAN[2]
ALEX L. ALEXOPOULOS[2,8]
KIRSTEN E. GRAMZOW[2]
STARR M. HEWITT[2]
SHAWN Y. GRINNEN[2]
JASON M. SHINN[2]
MARK E. PHILLIPS[2]
SANDY D. GLAZIER[2]
DOUGLAS E. KELIN[2,3,7]

March 12, 2010

## *VIA EMAIL ONLY*

Jeffrey J. Whitehead, Esq.
Whitehead Law Office
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052

> **Re:    *Tara Sweeney v. UNLV Research Foundation, et al.*
>             Case No. 2:09-cv-01167**

Dear Mr. Whitehead:

The UNLV Research Foundation served a set of written Requests for Production and Interrogatories on Plaintiff on December 21, 2010, by email and first-class mail. This service made the responses due on or before January 25, 2010. Plaintiff's responses were ultimately served on February 12, 2010. Although there were limited discussions related to an extension, no extension was ever granted.

As you know, the failure to timely provide discovery responses results in the waiver of all objections. That said, Plaintiff's responses to Interrogatories contained no fewer that ten objections and the Requests for Productions contained no fewer that five objections. Other than the objections to Interrogatory 8(e) and 8(f), we request that all objections be withdrawn. It is also noted that you indicate a need for a protective order relating to the Responses to Request for Production 5 and 6 (relating to wage and tax information). Again, as you know, the time to seek a protective order is prior to the date the responses are due.

Please remove the untimely objections in Plaintiff's Responses and provide Defendant with proper substantive responses to Requests for Production 5 and 6 discussed above. Please contact our office by March 19, 2010 to discuss these issues.



Jeffrey J. Whitehead, Esq.
April 5, 2010
Page 2


        We trust these issues can be resolved amicably and look forward to discussing them with you in the near future.  In the event we do not hear from you and do not receive amended/supplemental responses we will seek assistance from the Court, which will include a request for our attorneys' fees and costs associated with said motion.  Thank you.

                        Very truly yours,

                        LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.


                        /s/ Kaleb Anderson
                        KALEB D. ANDERSON


KDA/vh/GR3384-034
Enclosure

# EXHIBIT "F"

# EXHIBIT "F"

# WHITEHEAD LAW OFFICES

Jeffrey J. Whitehead, Esq.[†]
Jeffrey J. Whitehead, Ltd.
[†]Admitted in NV, AZ and CO.

RECEIVED MAR 25 2010

Tuesday, March 23, 2010

Kaleb Anderson
Lipson Neilson Cole Seltzer & Garin, PC
9580 West Sahara Ave., Suite 120
Las Vegas, NV  89117

FAX: (702) 382-1512

Re:  Sweeney v. UNLV Research Foundation, et al.
     Case No. 2:09-cv-01167

Dear Mr. Anderson:

     I am in receipt of your letter of March 12 regarding the issue of objections to your
discovery requests.  I found your analysis devoid of legal citation.  I disagree with your analysis.
I will not withdraw my objections.

                         Sincerely,
                         **WHITEHEAD LAW OFFICES**


                         Jeffrey J. Whitehead, Esq.

## Attorneys at Law

# EXHIBIT "G"

# EXHIBIT "G"

LAW OFFICES

JEFFREY T. NEILSON[1,3,5]
JOSEPH P. GARIN[1,2,3,5]
PHILLIP E. SELTZER[1,2]
SHANNON D. NORDSTROM[1,6]
ANDY L. EDMONDSON[1]
JAMES B. FAIRBANKS[1,9]
KALEB D. ANDERSON[1]

1 ADMITTED IN NEVADA
2 ADMITTED IN MICHIGAN
3 ADMITTED IN ILLINOIS
4 ADMITTED IN NEW YORK
5 ADMITTED IN COLORADO
6 ADMITTED IN CALIFORNIA
7 ADMITTED IN FLORIDA
8 ADMITTED IN OHIO
9 ADMITTED IN WASHINGTON

# Lipson | Neilson
## COLE, SELTZER, GARIN, P.C.
### *Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: kanderson@lipsonneilson.com

BARRY J. LIPSON
(1955-2003)

STEVEN R. COLE[2]
THOMAS G. COSTELLO[2]
DAVID B. DEUTSCH[2]
HOWARD A. LAX[2]
JOSEPH A. STARR[2]
STEVEN H. MALACH[2]
KAREN A. SMYTH[2,4]
KAY RIVEST BUTLER[2]
SCOTT D. STONER[2]
C. THOMAS LUDDEN[2]
STUART D. LOGAN[2]
ALEX L. ALEXOPOULOS[2,6]
KIRSTEN E. GRAMZOW[2]
STARR M. HEWITT[2]
SHAWN Y. GRINNEN[2]
JASON M. SHINN[2]
MARK E. PHILLIPS[2]
SANDY D. GLAZIER[2]
DOUGLAS E. KELIN[2,3,7]

March 26, 2010

*Via Email Only*

Jeffrey J. Whitehead, Esq.
Whitehead Law Office
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052

> **Re:**   ***Tara Sweeney v. UNLV Research Foundation, et al.***
> **Case No. 2:09-cv-01167**

Dear Mr. Whitehead:

We received your March 23, 2010 letter regarding your untimely objections to our client's discovery requests.  As stated in your correspondence, you disagree with our analysis and refuse to withdraw your objections despite providing no legal authority for your position.  Please consider this letter as a response.

As you know, the UNLV Research Foundation served a set of written Requests for Production of Documents and Interrogatories on Plaintiff on December 21, 2010 by email and first-class mail.  This made the responses due on or before **January 25, 2010**. Although there were limited discussions related to an extension, no extension was ever granted, and your client's unverified responses were ultimately served on February 12, 2010.

At the deposition of Ms. Sweeney on February 23, 2010, Shannon Nordstrom mentioned she did not receive a verification for the interrogatories.  FRCP 33(b)(3) states that "[e]ach interrogatory must...be answered separately and fully in writing under oath." See also *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536 (S.D.W. Va., 2005)(invalidating unverified interrogatory responses and holding that "[w]hen responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness.").  To date your client has not provided a verification for the interrogatory responses making them equivalent to no response at all.



Lipson|Neilson
COLE, SELTZER, GARIN, P.C.
Attorneys and Counselors at Law

Jeffrey J. Whitehead, Esq.
March 26, 2010
Page 2

absence of an extension of time, "the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) See also *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss.1990); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn.1989); *Fretz v. Keltner*, 109 F.R.D. 303, 309 (D. Kan.1985); Turick v. Yamaha Motor Corp., 121 F.R.D. 32, 36 (S.D.N.Y. 1988).

The same holds true for the untimely response to the Requests to Produce - the failure to file timely objections constitutes a waiver of all objections. See *Perry v. Golub*, 74 F.R.D. 360 (N.D. Ala. 1976); *Davis v. Romney*, 53 F.R.D. 247 (E.D. Pa. 1971) ("If discovery rules are to have any effect or meaning, the failure to serve such objections within the time prescribed should be considered a waiver of such objections").

Given the clear authority on these issues, please provide verified, substantive responses, without objections, to Interrogatories 1, 2, 8(d), 10, 11, 12, 13, 16, 20 and Requests for Production 5, 6, 9, 18, and 28.

If these responses are not received in our office by the end of business on **March 29, 2010**, we will file a Motion to Compel which will include a request for attorneys' fees and costs associated with said motion and all attempts to meet and confer. If we are forced to file a Motion to Compel, we will continue to seek fees even if the appropriate responses are served after the filing of the Motion pursuant to FRCP 37(a)(5)(A) .

If you have any further questions, feel free to contact me. I look forward to hearing from you.

Very truly yours,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

KALEB D. ANDERSON

KDA/vh/GR3384-034