1   JOSEPH P. GARIN
    Nevada Bar No. 6653
2   SHANNON D. NORDSTROM
    Nevada Bar No. 8211
3   LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
    9580 West Sahara Avenue, Suite 120
4   Las Vegas, Nevada 89117
    Telephone: (702) 382-1500
5   Facsimile: (702) 382-1512
    jgarin@lipsonneilson.coM
6   snordstrom@lipsonneilson.coM

7   Attorneys for Defendants,
    THE UNLV RESEARCH FOUNDATION,
8   TOM WILLIAMS and PAUL FERGUSON

9                   UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11  TARA SWEENEY,                    )   CASE NO.:  2:09-cv-1167-JCM-GWF
                                     )
12              Plaintiff,           )   THE UNLV RESEARCH
                                     )   FOUNDATION'S MOTION TO COMPEL
13  vs.                              )   FURTHER RESPONSES AND
                                     )   WITHDRAW OBJECTIONS TO
14  THE UNLV RESEARCH FOUNDATION,a   )   REQUESTS FOR PRODUCTION
    domestic non-profit corporation; STATE ex )   UNDER FED.R.CIV.P. 26(b), 26(c)(1),
15  rel THE REGENTS OF THE UNIVERSITY )   34, and 37(a)(5)(A); DECLARATION OF
    OF NEVADA LAS VEGAS; SCOTT SMITH, )   KALEB ANDERSON, ESQ. WITH
16  an individual; TOM WILLIAMS, an  )   EXHIBITS; DECLARATION OF
    individual; and PAUL FERGUSON, an )   SHANNON NORDSTROM, ESQ. WITH
17  individual,                      )   EXHIBITS
                                     )
18              Defendants.          )
                                     )
19  _____

20          Defendant THE UNLV RESEARCH FOUNDATION ("UNLVRF"), by and through its

21  attorneys, LIPSON, NEILSON, COLE, SELTZER & GARIN P.C., hereby moves this

22  Honorable Court for an Order compelling Plaintiff Tara Sweeney to provide further responses

23  to UNLVRF's First Set of Requests for Production of Documents within seven (7) days under

24  FRCP 26(b), 34, and 37(a)(5)(A) on the grounds that Plaintiff failed to timely provide

25  complete responses and refuses to withdraw the objections to her untimely responses.

26  Defendant also moves this Court for an Order requiring Plaintiff and/or her counsel to

27  reimburse it for its fees associated with bringing this motion.

28  / / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

1    This Motion is based on FRCP 26(b), 26(c)(1), 34, and 37(a)(5)(A), the Points and

2  Authorities attached hereto, the Declaration of Kaleb Anderson, Esq. with exhibits, and the

3  Declaration of Shannon Nordstrom, Esq. with exhibits, together with the pleadings on file

4  herein.

5         Dated this 5th of April, 2010.

6                                 LIPSON NEILSON COLE SELTZER & GARIN P.C.

7

8                                 By: _____
                                       Joseph P. Garin (Bar No. 6653)
9                                      Shannon D. Nordstrom (Bar No. 8211)
                                       9580 West Sahara Avenue, Suite 120
10                                     Las Vegas, Nevada 89117
                                       (702) 382-1500
11                                     Attorneys for Defendants,
                                       THE  UNLV  RESEARCH  FOUNDATION,  TOM
12                                     WILLIAMS & PAUL FERGUSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.  Factual Background

Plaintiff worked for UNLVRF beginning August 1, 2004, with the Institute for Security Studies ("ISS").  UNLVRF is a non-profit corporation which supports various programs at UNLV, including a Masters Program in Homeland Security.

Due to the impending loss of funding, Plaintiff received written notice on June 30, 2006 that her employment would be terminated.  Plaintiff's notice provided her with one year advance notice of her termination.  Consistent with the one year advance notice she had been given, Plaintiff's employment terminated on June 30, 2007.

In this case, Plaintiff claims that she was not paid commensurate with similarly situated male employees with the same or similar credentials while at UNLVRF, that she was subjected to gender and sexual harassment while working for UNLVRF, and that her termination was the result of retaliation.  Plaintiff claims a myriad of damages, including back pay and lost pay as a result of her employment and termination.

## 2.  Plaintiff Refuses to Comply with Her Discovery Obligations

Despite UNLVRF's attempts to obtain written discovery, Plaintiff refuses to comply with her discovery obligations.  Defendant seeks Plaintiff's compliance.

### A.   Plaintiff's Failure to Remove Untimely Objections

The Federal Rules of Civil Procedure provide for specific avenues of discovery, certain requirements for complying with discovery, and certain penalties for failing to comply with discovery.  Specifically, Fed R. Civ. P. 34, subsection (b)(2) provides that request for production of documents must be responded to within thirty (30) days.  And, the grounds for objecting to a request to produce must be stated with specificity.[1]  Further, the failure to file timely objections constitutes a waiver of all objections.[2]

---

[1]  Fed R. Civ. Proc. 34(b)(2)(C).

[2]  *Perry v. Golub*, 74 F.R.D. 360 (N.D. Ala. 1976); *Davis v. Romney*, 53 F.R.D. 247 (E.D. Pa. 1971) ("If discovery rules are to have any effect or meaning, the failure to serve such objections within the time prescribed should be considered a waiver of such objections").

On December 21, 2009, UNLVRF served Requests for Production of Documents on Plaintiff, by mail. <u>See</u> Exhibit "A" to Declaration of Shannon D. Nordstrom, Esq. This service made the responses due on or before January 25, 2010.

On January 6, 2010, John C. Brice from Plaintiff's counsel's office sent correspondence stating that he would likely need an extension on the responses until "early February". <u>See</u> Exhibit "B" to Nordstrom Declaration. Ms. Nordstrom replied on January 10, 2010, indicating that an extension might be possible, but it would depend on the contents of Plaintiff's initial disclosures which had not been received at the time [and were untimely at that point]. The January 10th correspondence also requested a proposed extension date from Mr. Brice for the Defendants' consideration in light of the upcoming deposition of Plaintiff . <u>See</u> Exhibit "B" to Nordstrom Declaration. UNLVRF received no further response or communication regarding an extension.

The January 25, 2010 deadline for Plaintiff to serve her responses came and passed with no communication from Plaintiff. On February 10, 2010, Defendant's counsel sent a letter to Plaintiff's counsel noting that Plaintiff did not obtain an extension  and that since the interrogatory responses were then untimely that all objections were waived.  Defendant's counsel further demanded that Plaintiff provide her request for production responses, without objections, no later than February 15, 2010. <u>See</u> Exhibit "C"  to Nordstrom Declaration.

On February 15, 2010, Defendants counsel finally received Plaintiffs Responses to UNLVRF's First Set of Requests for Production.  In addition to not providing all the requested documents, the untimely responses contained the following objections:

**REQUEST NO. 5.**
All state and Federal Income Tax returns (including all attendant schedule) and Wage or Income Statements file from 2004 to the time of trial for Plaintiff.

**RESPONSE:**
OBJECTION: Due to the sensitive and confidential nature of these documents, they will be produced only upon the signing of an appropriate confidentiality and protective order.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**REQUEST NO. 6.**
     All W-2 forms and other evidence of earning, compensation or income of any kind, including child support or alimony, from 2004 continuing to the time of trial for Plaintiff.

**RESPONSE:**
     See response to Request No. 5 above.

**REQUEST NO. 9.**
     Any and all DOCUMENTS relating to any administrative action or state or federal claim filed by Plaintiff against Defendant or any of their agents and/or employees, including, but not limited to, claims filed with the Nevada Workers Compensation Bureau, Nevada Equal Rights Commission, Equal Employment Commission and/or the Social Security Administration.

**RESPONSE:**
     OBJECTION: These documents are equally available to the Defendant as they are to the Plaintiff, and are matter of public record.  See documents on the attached CD-ROM, made a part hereof by this reference, bearing Bates Numbers SW000405 through SW000445, and SW000472 through SW000476.  Plaintiff reserves the right to supplement this response.

**REQUEST NO. 18**
     All e-mail, correspondence or communications of any kind between Plaintiff and any PERSON who ever worked at Defendant THE UNLV RESEARCH FOUNDATION from 2004 to the present.

**RESPONSE:**
     OBJECTION: This information is equally if not more easily available to DEFENDANTS than it is to the Plaintiff, insofar as Defendant maintain the email servers for the accounts in question, and therefore this request is unduly burdensome.  Without waiving this objection, see the documents on the attached CD-ROM, made a part hereof by this reference, bearing bates numbers SW000387 through SW000404.

**REQUEST NO. 28**
     All DOCUMENTS YOU submitted to the Nevada Equal Rights Commission and the Equal Employment Center related to the claims in YOUR Complaint, including but not limited to the Intake Questionnaire.

**RESPONSE:**
     OBJECTION: These documents are equally available to the Defendants as they are to the Plaintiff, and are a matter of public record.  Without waiving this objection, see response to Request No. 9 above.

See Exhibit "A" to Nordstrom Declaration.

     Absent an extension, the law is clear that all objections to the Request for Production have been waived.  See *Perry at Davis* at 362.  Accordingly, Defendant requests Plaintiff provide amended responses with no objections.

**B.**    **Plaintiff Failed to Seek a Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1) for Requests 5 and 6**

Plaintiff's claims in this case put her wages and earnings from 2004 through the present directly at issue.  As a result, Defendants must know what Plaintiff earned during and after her employment with UNLVRF.  It should also be noted that while these documents bear directly on Plaintiff's claimed damages, this information was not provided with Plaintiff's initial disclosures in this case, although required.

UNLVRF sought information related to Plaintiff's earnings in Requests for Production, Nos. 5 and 6, to which Plaintiff provided the following objection:

**REQUEST NO. 5.**
All state and Federal Income Tax returns (including all attendant schedule) and Wage or Income Statements file from 2004 to the time of trial for Plaintiff.

**RESPONSE:**
OBJECTION: Due to the sensitive and confidential nature of these documents, they will be produced only upon the signing of an appropriate confidentiality and protective order.

**REQUEST NO. 6.**
All W-2 forms and other evidence of earning, compensation or income of any kind, including child support or alimony, from 2004 continuing to the time of trial for Plaintiff.

**RESPONSE:**
See response to Request No. 5 above.

The Federal Rules clearly impose the burden of seeking the protective order on the party seeking protection, and not the other way around.  Fed R. Civ. Proc. 26(c)(1) states in relevant part:

A party. . .from whom discovery is sought may move for a protective order in the court where the action is pending....  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

From the above responses, the Court can see that Plaintiff objected and did not provide any documents.  If Plaintiff desired a protective order to protect information sought through discovery, the burden fell on Plaintiff to obtain the protective order.  Instead of

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

seeking a protective order from UNLVRF for the documents responsive to Request Nos. 5 and 6, Plaintiff simply objected and improperly placed the burden on UNLVRF to obtain the documents. Specifically, Plaintiff failed to provide requested tax, wage, and income information, stating that it would only be "produced only upon the signing of an appropriate confidentiality and protective order." See Exhibit "A" to Nordstrom Deposition, Responses Nos. 5 and 6. Yet, despite Plaintiff's statement that a protective order is needed, and over 5 weeks since she provided here responses, Plaintiff (1) has not proposed a protective order for UNLVRF's consideration, (2) has not engaged in meet-and-confer efforts regarding these requests, and (3) has made no effort to comply with the requests for which she asserted this untimely objection.

Aside from the objection being untimely, Plaintiff took no action other than refusal to protect her information or comply with her discovery obligations. Accordingly, Defendant requests Plaintiff be compelled to provide the information sought in Request for Production of Documents Number 5 and 6.

## 3.  Defendant's Meet-and-Confer Efforts Were Met with Sheer Refusal

In addition to the meet-and-confer efforts indicated above, including the February 10, letter, on March 12, 2010, Defendant's counsel sent another letter to Plaintiff's counsel requesting responses without objections, substantive responses to Requests 5 and 6, and a proposed protective order no later than March 19, 2010. See Exhibit "E" to Declaration of Kaleb Anderson, Esq. Having received no response from Plaintiff's counsel, Defendant's counsel called and spoke with Mr. Brice from Plaintiff's attorney's office on March 19, 2010. Mr. Brice informed counsel that Plaintiff's attorney likely had not yet seen the March 12, 2010 letter, and that a response would be made by March 23, 2010. See Anderson Declaration, ¶ 5.

On March 23, 2010 Plaintiff's counsel responded with a letter obstinately stating, "I am in receipt of your letter of March 12 regarding the issue of objections to your discovery requests. I found your analysis devoid of legal citation. I disagree with your analysis. I will

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

not withdraw my objections."  See Exhibit "F" to Anderson Declaration.  Plaintiff did not address the objection, inappropriate responses to the requests for financial information, or propose a protective order.  Following the receipt of Plaintiff's March 23, 2010  letter, UNLVRF made one last plea with Plaintiff's counsel regarding the objections and requested information, urging a response prior to March 29, 2010 to avoid the present motion.  See Exhibit "G" to Anderson Declaration.  To date, Plaintiff provided no response.

**4.    Plaintiff's Disregard for Her Discovery Obligations and Failure to Meet-and-confer  in  Good  Faith  Warrants  Reimbursement  of  Defendant's Attorney's Fees**

Despite efforts to obtain Plaintiff's compliance with her discovery obligations, no meaningful discussion or engagement came from Plaintiff.  Fed R. Civ. P. 37(a)(5)(A) states that if a discovery motion is granted compelling discovery - or if the requested discovery is provided after the motion to compel is filed:

> [T]he court must. . .require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order payment if:
> (i)    the movant filed the motion before attempting in good faith to obtain the. . .discovery without court action;
> (ii)   the opposing party's nondisclosure, responses or objection was substantially justified; or
> (iii)  other circumstances make an award of expenses unjust.

UNLVRF's counsel attempted to resolve the instant issues before filing this motion as set forth herein and in the Declarations of Shannon D. Nordstrom and Kaleb D. Anderson. Plaintiff essentially ignored UNLVRF's requests, forcing it to bring this motion.  In the present matter, Plaintiff lacks any justification for her refusal to meaningfully meet and confer, or to comply with her discovery obligations in the first instance.  It appears Plaintiff's actions serve only to obstruct discovery and to frustrate the progression of this litigation.

As such, UNLVRF requests that the Court award UNLVRF all attorneys fees associated with bringing this motion, including fees for attempting to meet and confer, filing the motion, responding to the opposition if any, and attending any hearing on the matter.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

1  Said fees will detailed in the Reply to this motion after Defendant's have a clear picture of

2  the overall time incurred.

3  **5.    Conclusion**

4      UNLVRF properly served Requests for Production on Plaintiff, which were met with

5  untimely responses, contained numerous objections, and failed to provide all the requested

6  documents. Plaintiff still has not sent a proposed protective order to UNLVRF for its

7  consideration, having take no steps to protect the information aside from a refusal to

8  produce.   Despite UNLVRF's attempts to remedy the situation short of the present motion,

9  Plaintiff failed to meet and confer in good faith.

10     Accordingly, UNLVRF hereby requests that the court grant its motion to compel

11  Plaintiff to respond, without objections, to the Requests for Production attached as Exhibit

12  "A" to the Shannon Declaration, for compliance with Request Nos. 5 and 6, and for

13  reimbursement by Plaintiff and/or her counsel to UNLVRF for its fees associated with

14  bringing this motion.

15     Dated this 5th of April, 2010.

16                          LIPSON NEILSON COLE SELTZER & GARIN P.C.

17

18                          By: _____
                                Joseph P. Garin (Bar No. 6653)
19                              Shannon D. Nordstrom (Bar No. 8211)
                                9580 West Sahara Avenue, Suite 120
20                              Las Vegas, Nevada 89117
                                (702) 382-1500
21                              Attorneys for Defendants,
                                THE UNLV RESEARCH FOUNDATION, TOM
22                              WILLIAMS & PAUL FERGUSON

23

24

25

26

27

28

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**DECLARATION OF SHANNON D. NORDSTROM, ESQ. IN SUPPORT OF THE UNLV RESEARCH FOUNDATION'S MOTION TO COMPEL FURTHER RESPONSES AND WITHDRAW OBJECTIONS TO REQUESTS FOR PRODUCTION UNDER FED.R.CIV.P. 26(b), 26(c)(1), 34, and 37(a)(5)(A)**

I, Shannon D. Nordstrom, Esq., hereby declare and state as follows:

1.      I am an attorney in the law firm Lipson, Neilson, Cole, Seltzer & Garin, P.C., counsel of record for Defendants in this matter.  I am in good standing and duly licensed to practice law in Nevada.

2.      I know the matters set forth herein of my own personal knowledge.  I am competent to testify as to those facts stated herein in a court of law and will so testify if called upon.  I make this affidavit in support of UNLV Research Foundations's Motion to Compel Further Responses to and Withdraw Objections to Requests for Production Fed.R.Civ.P. 26(b) and 37(a)(5)(A).

3.      On December 21, 2010, UNLVRF propounded Requests for Production of Documents on Plaintiff.

4.      On January 6, 2010, John C. Brice from Plaintiff's counsel's office sent an email stating that he would likely need an extension on the responses until "early February." See Exhibit "B."

5.      January 10, 2010, I replied to Mr. Brice indicating that an extension might be possible, but it would depend on the contents of Plaintiff's initial disclosures which had not been received [and were untimely] at the time.  The January 10th response also requested a proposed extension date for Defendant's consideration.  See Exhibit" B."

6.      I received no further communications from Plaintiff's counsel regarding an extension and no extension was agreed to or finalized.

7.      Plaintiff did not serve her Responses to Requests for Production of Documents on or before January 25, 2010.

8.      On February 10, 2010, I sent a letter to Plaintiff's counsel reiterating that no extension had been granted and noting that since the Request for Production of Documents

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

1  Responses were untimely that all objections were therefore waived.  I also demanded

2  Plaintiff provide the responses, without objections, no later than February 15, 2010.  <u>See</u>

3  Exhibit "C."

4  　　　　9.  　　That on February 15, 2010, I received a copy of Plaintiff's Responses to

5  UNLVRF's First Set of Requests for Production of Documents.  They contained numerous

6  objections and failed to produce all requested documents.  <u>See</u> Exhibit "D."

7  　　　　13.  　　UNLVRF now seeks by way of this Motion to Compel to obtain Plaintiff's

8  responses, without objections, and compliance with Requests 5 and 6.

9  　　　　14.  　　Despite the meet-and-confer efforts of this office, we obtained no resolution

10  to the issues presented in this motion.

11  **Exhibits**

12  　　　　15.  　　I attach true and correct copies of the following documents:

13

| Exhibit | Description |
|---------|-------------|
| A | Defendant The UNLV Research Foundation's First Set of Requests for Production of Documents to Plaintiff dated December 21, 2010. |
| B | Email from John C. Brice to Shannon Nordstrom dated January 6, 2010 and return email from Shannon Nordstrom to John Brice dated January 10, 2010. |
| C | February 10, 2010 correspondence from Shannon Nordstrom to Jeffrey Whitehead regarding delinquent discovery responses and waived objections. |
| D | Plaintiff's Responses to Defendant UNLV Research Foundation's First Set of Requests for Production of Documents to Plaintiff, dated February 12, 2010. |

20  　　　　Executed this 5<u>th</u> day of April, 2010, at Las Vegas, Nevada.

21  　　　　I declare under penalty of perjury under the laws of the State of Nevada that the

22  foregoing is true and correct to the best of my knowledge.

23

24  　　　　　　　　　　　　　　　　　　　SHANNON D. NORDSTROM, ESQ.

25

26

27

28

1
2
3

**DECLARATION OF KALEB D. ANDERSON, ESQ. IN SUPPORT OF THE UNLV RESEARCH FOUNDATION'S MOTION TO COMPEL FURTHER RESPONSES AND WITHDRAW OBJECTIONS TO REQUESTS FOR PRODUCTION UNDER FED.R.CIV.P. 26(b), 26(c)(1), 34, and 37(a)(5)(A)**

4   I, Kaleb D. Anderson, Esq., hereby declare and state as follows:

5   1.    I am an attorney in the law firm Lipson, Neilson, Cole, Seltzer, Garin, P.C.,
6   counsel of record for Defendants in this matter.  I am in good standing, duly licensed to
7   practice law in Nevada.

8   2.    I know the matters set forth herein of my own personal knowledge.  I am
9   competent to testify as to those facts stated herein in a court of law and will so testify if called
10  upon.  I make this affidavit in support of UNLV RESEARCH Foundations's Motion Compel
11  Further Responses to and Withdraw Objections to Requests for Production Fed.R.Civ.P.
12  26(b) and 37(a)(5)(A).

13  3.    That on March 12, 2010 I sent a letter to Plaintiff's counsel requesting
14  Responses without objections.  Plaintiff was given until March 19, 2010 to provide a
15  response.  See Exhibit" E."

16  4.    That on March 19, 2010 no response had been received.

17  5.    That on March 19, 2010 I called Plaintiff's counsel's office and spoke with John
18  Brice.  Mr. Brice informed me that he believed that Mr. Whitehead had not yet seen the
19  March 12 letter and stated that he would provide a response to our demand by March 23,
20  2010.

21  6.    That on March 23, 2010 Plaintiff's counsel sent a letter addressed to declarant
22  stating, "I am in receipt of your letter of March 12 regarding the issue of objections to your
23  discovery requests.  I found your analysis devoid of legal citation.  I disagree with your
24  analysis. I will not withdraw my objections."  See Exhibit "F."

25  7.    That on March 26, 2010 I sent one final letter to Plaintiff's counsel regarding
26  the delinquent discovery requests, urging a response prior to March 29, 2010 to avoid the
27  present motion.  See Exhibit "G."

28

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

8.     To date, Plaintiff has provided no response.

9.     UNLVRF now seeks by way of this Motion to Compel complete responses, without objections from Plaintiff to UNLVRF's Interrogatories.

10.     The undersigned hereby certifies that, pursuant to Fed. R. Civ. P. 37(a)(1) and LR-26-7(b) I have, in good faith, conferred with Plaintiff's counsel in an attempt to receive responses to this discovery.  I received no response and was forced to bring this motion to compel responses to this discovery.

**Exhibits**

11.     I attach true and correct copies of the following documents:

| Exhibit | Description |
|---------|-------------|
| E | March 12, 2010 letter from Kaleb Anderson to Jeffrey Whitehead regarding waived objections. |
| F | March 23, 2010 letter from Jeffrey Whitehead to Kaleb Anderson regarding disagreement with analysis and refusal to comply. |
| G | March 26, 2010 letter from Kaleb Anderson to Jeffrey Whitehead regarding compliance or motion to compel. |

Executed this 5th day of April, 2010, at Las Vegas, Nevada.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct to the best of my knowledge.

KALEB D. ANDERSON, ESQ.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of April, 2010, I served a true and correct copy of THE UNLV RESEARCH FOUNDATION'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES PURSUANT TO FED.R.CIV.P. 26(b) and 37(a)(5)(A) upon the following parties, via first class mail, postage prepaid, addressed as follows:

Jeffrey J. Whitehead, Esq.
WHITEHEAD LAW OFFICES
2431 W. Horizon Ridge Pkwy., Suite 110
Las Vegas, NV 89052
Attorneys for Plaintiff

Susan C. O'Brien, Esq.
UNLV - General Counsel
Box 451085
4505 Maryland Pkwy
Las Vegas, NV 89154-1085
Attorneys for Defendant,
STATE ex rel THE REGENTS OF THE
UNIVERSITY OF NEVADA LAS VEGAS

An Employee of
Lipson, Neilson, Cole, Seltzer & Garin, P.C.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

# EXHIBIT "A"

# EXHIBIT "A"

1  REQT
   JOSEPH P. GARIN, ESQ.
2  Nevada Bar No. 6653
   SHANNON D. NORDSTROM, ESQ.
3  Nevada Bar No. 8211
   LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
4  9580 West Sahara Avenue, Suite 120
   Las Vegas, Nevada 89117
5  Telephone: (702) 382-1500
   Facsimile: (702) 382-1512
6  jgarin@lipsonneilson.com

7  Attorneys for Defendants,
   THE UNLV RESEARCH FOUNDATION,
8  SCOTT SMITH, TOM WILLIAMS and
   PAUL FERGUSON

9
                    UNITED STATES DISTRICT COURT
10
                        DISTRICT OF NEVADA
11

12  TARA SWEENEY,                        )   CASE NO.:  2:09-cv-1167-JCM-GWF
                                         )
13              Plaintiff,               )
                                         )
14  vs.                                  )
                                         )   DEFENDANT THE UNLV RESEARCH
15  THE UNLV RESEARCH FOUNDATION, a      )   FOUNDATION'S  FIRST SET OF
    domestic non-profit corporation; STATE ex )   REQUESTS FOR PRODUCTION OF
16  rel THE REGENTS OF THE UNIVERSITY    )   DOCUMENTS TO PLAINTIFF TARA
    OF NEVADA LAS VEGAS; SCOTT SMITH,    )   SWEENEY
17  an individual; TOM WILLIAMS, an      )
    individual; and PAUL FERGUSON, an    )
18  individual,                          )
                                         )
19              Defendants.              )
    _____  )
20

21       Defendant THE UNLV RESEARCH FOUNDATION, by and through its attorneys,

22  LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., request that Plaintiff, TARA

23  SWEENEY, respond within thirty (30) days of the date of receipt hereof, to the following

24  Requests for Production, Set One, in accordance with Federal Rules of Civil Procedure 34.

25                              **INSTRUCTIONS**

26       These instructions are incorporated by reference into each and every request

27  hereinafter set forth without the necessity of further reference.

28  / / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

A.      The term "**DOCUMENT**" as used in these requests, means and will be liberally construed to include, without limitation, all originals, copies and duplicates of all tangible forms of graphic, photographic and phonic recordings, including but not limited to correspondence, records, reports, memoranda, invoices, contracts, statements, telegrams, canceled checks, electronic communications, microfilms, photographs, tapes, discs and all other kinds of written or documentary personal property.

B.      As used herein, the term "**IDENTIFY**" when referring to a "**PERSON**" means to set forth the name, address, and phone number.

C.      "**YOU**" and "**YOUR**" shall mean to include the answering party, and each of the said party's representatives, and where appropriate, the directors, firm, corporation, trust, governmental agency or other entities; and also, if relevant, the individual representing such "**PERSON**".

D.      If an objection is made as to the production of any requested information,

      (1)      State the specific grounds for not producing the information;

      (2)      Fully identify the information for which the objection is asserted; and

      (3)      If a privilege is alleged, the privilege asserted (e.g., work product, attorney / client).

F.      These requests are deemed to continue consistent with FRCP 26(e) so as to require supplemental responses if you obtain further information between the time your response is served and the time of trial.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Copies of any and all **DOCUMENTS**, which Plaintiff expects, intends or anticipates offering into evidence during the trial of this matter.

### REQUEST FOR PRODUCTION NO. 2:

Any and all **DOCUMENTS** which Plaintiff used or referenced to answer any portion of Defendant's First Set of Interrogatories to Plaintiff.

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**REQUEST FOR PRODUCTION NO. 3:**

Any and all **DOCUMENTS** identified in Defendant's First Set of Interrogatories to Plaintiff or Plaintiff's Answers thereto.

**REQUEST FOR PRODUCTION NO. 4:**

All **DOCUMENTS**, including but not limited to, notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence, or other records of any type reflecting, establishing or documenting any medical treatment, including psychiatric, emotional or psychological treatment or counseling Plaintiff has received from 2004 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All State and Federal Income Tax returns (including all attendant schedules) and Wage or Income Statements filed from 2004 continuing to the time of trial for Plaintiff.

**REQUEST FOR PRODUCTION NO. 6:**

All W-2 forms and other evidence of earnings, compensation or income of any kind, including child support or alimony, from 2004 continuing to the time of trial for Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all other **DOCUMENTS**, which **YOU** in any way rely upon to support **YOUR** claims.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all tape recordings, video recordings and/or notes authored and/or obtained by Plaintiff that in any way relate to Plaintiff's employment with Defendant THE UNLV RESEARCH FOUNDATION and/or Plaintiff's allegations in her Complaint.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all **DOCUMENTS** relating to any administrative action or state or federal claim filed by Plaintiff against Defendants or any of their agents and/or employees, including, *but not limited to*, claims filed with the Nevada Workers' Compensation Bureau, Nevada Equal Rights Commission, Equal Employment Opportunity Commission and/or the Social Security Administration.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**REQUEST FOR PRODUCTION NO. 10:**

A copy of all records, correspondence, memos, evaluations, appraisals or any other **DOCUMENT**, book, pamphlet, writing or communication received by Plaintiff from the Defendants, including all such materials communicated, stored or maintained in the form of electronic media.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of all records, correspondence, memos or any other **DOCUMENT**, book, pamphlet, writing or communication sent by Plaintiff to anyone at Defendant THE UNLV RESEARCH FOUNDATION including all such materials communicated, stored or maintained in the form of electronic media.

**REQUEST FOR PRODUCTION NO. 12:**

All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other records of any type reflecting, establishing or documenting any treatment (inpatient or outpatient) or hospitalization for alcohol or substance abuse received by Plaintiff from 2004 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence, or other records of any type reflecting, establishing or documenting out-of-pocket expenses and the amount of any other damages Plaintiff has allegedly incurred as a result of the acts complained of in her Complaint, including all such materials communicated, stored or maintained in the form of electronic media.

**REQUEST FOR PRODUCTION NO. 14:**

All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence, or other recordings, documenting, memorializing, reflecting or concerning any conversations or communications of any type between Plaintiff and any present or former employee or agent of Defendant THE UNLV RESEARCH FOUNDATION, including all such materials communicated, stored or maintained in the form of electronic media.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**REQUEST FOR PRODUCTION NO. 15:**

All **DOCUMENTS**, memorandums, e-mails or tape recordings of any conversations with or between any present or former employee, agent or representative of Defendant THE UNLV RESEARCH FOUNDATION.

**REQUEST FOR PRODUCTION NO. 16:**

All e-mails, tape recordings, statements, diaries, notes, journals, memoranda or other **DOCUMENTS** or records documenting, memorializing, reflecting or concerning any conversations or communications of any type by or between Plaintiff and any **PERSON**, including, but not limited to any present or former employee or agent of Defendant THE UNLV RESEARCH FOUNDATION concerning the events complained of in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 17:**

All calendars, journals, diaries, day-planners, or other records of day-to-day activities created or maintained by Plaintiff from 2004 to the present, including, but not limited to, electronic organizers, hand-held computers or other electronic or magnetic means.

**REQUEST FOR PRODUCTION NO. 18:**

All e-mail, correspondence or communications of any kind between Plaintiff and any **PERSON** who ever worked at Defendant THE UNLV RESEARCH FOUNDATION from 2004 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

A copy of all **DOCUMENTS**, writings or electronic memorializations, including, but not limited to, applications, resumes, letters, and each and every reply to same, related in any way to positions of any kind Plaintiff applied for or occupied from 2004 to the present, including, but not limited to, any jobs at Defendant THE UNLV RESEARCH FOUNDATION or the University of Nevada Las Vegas.

/ / /

/ / /

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**REQUEST FOR PRODUCTION NO. 20:**

A copy of all notes, job ads, and all other writings and **DOCUMENTS** which were made, collected, or received by Plaintiff from any **PERSON** or entity in the course of any search for a job or position that Plaintiff has undertaken from 2004 to the present.

**REQUEST FOR PRODUCTION NO. 21:**

A copy of all calendars, job ads, day-planners, notes and all other memorializations, **DOCUMENTS** and records which document Plaintiff's efforts, on a daily basis, to find a job outside THE UNLV RESEARCH FOUNDATION, or a different position within Defendant THE UNLV RESEARCH FOUNDATION or UNLV (including contacts with **PERSONS** and/or corporate or other entities) from 2004 to the present, and all responses Plaintiff received from and sent to any **PERSONS** and/or corporate or other entities.

**REQUEST FOR PRODUCTION NO. 22:**

Copies of all cover letters, completed applications, advertisements for employment or other **DOCUMENTS** evidencing that **YOU** have applied for employment with any company since the time that **YOUR** employment with Defendant THE UNLV RESEARCH FOUNDATION ended.

**REQUEST FOR PRODUCTION NO. 23:**

All **DOCUMENTS** reflecting, relating to or evidencing in anyway **YOUR** efforts to secure employment other than or in addition to your position at Defendant THE UNLV RESEARCH FOUNDATION from 2004 to the present, including but not limited to job advertisements, job applications, and written communications to and from (a) any state employment service, (b) any personnel employment services, or (c) any prospective employer. This includes, but is not limited to, all resumes sent to any prospective employer, notes, calendars, "logs" or any other "tracking system" maintained to keep a record of when Plaintiff sent out resumes or applied for jobs, any responses or follow-up; all books, articles and other references consulted by Plaintiff in his job search. This request also includes **DOCUMENTS** relating to all responses Plaintiff received from or sent to (a), (b), or (c) above.

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

**REQUEST FOR PRODUCTION NO. 24:**

A copy of all records, correspondence, memos, or any other **DOCUMENT**, book, pamphlet, writing or communication given or sent by Plaintiff to Defendant THE UNLV RESEARCH FOUNDATION, including all such materials communicated, stored or maintained in the form of electronic media, for the years 2004 to the present. This request includes but is not limited to all statements or complaints made by Plaintiff to any present or former employee, manager or agent of Defendant THE UNLV RESEARCH FOUNDATION concerning any issue arising out of Plaintiff's employment.

**REQUEST FOR PRODUCTION NO. 25:**

All **DOCUMENTS** supporting **YOUR** claimed damages in this case.

**REQUEST FOR PRODUCTION NO. 26:**

Any written statements taken from anyone thought to have knowledge of the facts alleged in **YOUR** Complaint.

**REQUEST FOR PRODUCTION NO. 27:**

All **DOCUMENTS** evidencing any complaint **YOU** made to Defendant THE UNLV RESEARCH FOUNDATION, regarding the circumstances alleged in **YOUR** Complaint.

**REQUEST FOR PRODUCTION NO. 28:**

All **DOCUMENTS YOU** submitted to the Nevada Equal Rights Commission and the Equal Employment Opportunity Center related to the claims in **YOUR** Complaint, including but not limited to the Intake Questionnaire.

Dated this 21st of December, 2009.

LIPSON NEILSON COLE SELTZER & GARIN P.C.

By: _Shannon Nordstrom_

Joseph P. Garin (Bar No. 6653)
Shannon D. Nordstrom (Bar No. 8211)
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500
Attorneys for Defendants,
THE UNLV RESEARCH FOUNDATION, SCOTT
SMITH, TOM WILLIAMS & PAUL FERGUSON

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9580 West Sahara Avenue, Suite 120
Las Vegas, Nevada 89117
(702) 382-1500

## CERTIFICATE OF SERVICE

I certify that on the 21st day of December, 2009, I served a true and correct copy of **DEFENDANT THE UNLV RESEARCH FOUNDATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF TARA SWEENEY** upon the following parties, via first class mail, postage prepaid, addressed as follows:

Jeffrey J. Whitehead, Esq.
WHITEHEAD LAW OFFICES
2431 W. Horizon Ridge Pkwy., Suite 110
Las Vegas, NV 89052
Attorneys for Plaintiff

Susan C. O'Brien, Esq.
UNLV - General Counsel
Box 451085
4505 Maryland Pkwy
Las Vegas, NV 89154-1085
Attorneys for Defendant,
STATE ex rel THE REGENTS OF THE
UNIVERSITY OF NEVADA LAS VEGAS

An Employee of
Lipson, Neilson, Cole, Seltzer & Garin, P.C.

# EXHIBIT "B"

# EXHIBIT "B"

**SHANNON NORDSTROM**

| | |
|---|---|
| **From:** | SHANNON NORDSTROM |
| **Sent:** | Sunday, January 10, 2010 12:48 PM |
| **To:** | 'Jay Brice' |
| **Subject:** | RE: Sweeney v. UNLV Research Foundation: Discovery Responses |

Jay,

We can likely work out an extension, but I will need to see your client's initial document disclosures to determine the amount of time we can allow on the extension. Since they were due Friday, I expect to receive them in the mail on Monday and will take a look at them. Please send me a proposed date for my consideration.

Thank you,
Shannon



*Shannon Nordstrom, Esq.*
*Lipson, Neilson, Cole, Seltzer & Garin, P.C.*
*9580 West Sahara Ave., Suite 120*
*Las Vegas, NV 89117*
*(702) 382-1500*
*(702) 375-6358 (cell)*
*(702) 382-1512 (fax)*
*E-Mail:* snordstrom@lipsonneilson.com
*Website:* www.lipsonneilson.com

OFFICES IN NEVADA & MICHIGAN

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*CONFIDENTIALITY NOTICE*

*This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on the contents of this information is prohibited and may be unlawful. If you receive this message in error, or are not the named recipient(s), please notify the sender, delete this e-mail from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.*

*IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.*

**From:** Jay Brice [mailto:jay@whiteheadlaw.org]
**Sent:** Wednesday, January 06, 2010 2:03 PM
**To:** SHANNON NORDSTROM
**Subject:** Sweeney v. UNLV Research Foundation: Discovery Responses

Dear Shannon:

You issued discovery requests which we received on December 22.  We are working with our client on preparing responses, however she learned last week that she is moving to Massachusetts, and is even now packing for the move, and will spend next week driving across the country.  She has made plans to be available for deposition on the dates we earlier provided, however as she is in the midst of the move even now, she is requesting that we procure an extension on the due date for her responses to the written discovery requests.  I think early February would be acceptable.  Please advise.  Thanks.

Sincerely,

John C. Brice, J.D.
Whitehead Law Offices
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV  89052
PH: (702) 451-7272
FAX: (702) 451-2947

NOTICE: Please do not print this e-mail unless necessary. If you must, please recycle. This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Whitehead Law Offices at (702) 451-7272 (collect), so that our address record can be corrected.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT "C"

# EXHIBIT "C"

LAW OFFICES

# Lipson|Neilson
## COLE, SELTZER, GARIN, P.C.
### *Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: snordstrom@lipsonneilson.com

JEFFREY T. NEILSON[1,2,3]
JOSEPH P. GARIN[1,2,3,5]
PHILLIP E. SELTZER[1,2]
SHANNON D. NORDSTROM[1,8]
ANDY L. EDMONDSON[1]
JAMES B. FAIRBANKS[1,9]

1 ADMITTED IN NEVADA
2 ADMITTED IN MICHIGAN
3 ADMITTED IN ILLINOIS
4 ADMITTED IN NEW YORK
5 ADMITTED IN COLORADO
6 ADMITTED IN CALIFORNIA
7 ADMITTED IN FLORIDA
8 ADMITTED IN OHIO
9 ADMITTED IN WASHINGTON

BARRY J. LIPSON
(1955-2003)

STEVEN R. COLE[2]
THOMAS G. COSTELLO[2]
DAVID B. DEUTSCH[2]
HOWARD A. LAX[2]
JOSEPH A. STARR[2]
STEVEN H. MALACH[2]
KAREN A. SMYTH[2,4]
KAY RIVEST BUTLER[2]
SCOTT D. STONER[2]
C. THOMAS LUDDEN[2]
STUART D. LOGAN[2]
ALEX L. ALEXOPOULOS[2,8]
KIRSTEN E. GRAMZOW[2]
STARR M. HEWITT[2]
SHAWN Y. GRINNEN[2]
JASON M. SHINN[3]
MARK E. PHILLIPS[2]
SANDY D. GLAZIER[2]
DOUGLAS E. KELIN[2,3,7]

February 10, 2010

***VIA FACSIMILE & U.S. MAIL***

Jeffrey J. Whitehead, Esq.
Whitehead Law Office
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052

    ***Re:***    ***Tara Sweeney v. UNLV Research Foundation, et al.***
            **Case No. 2:09-cv-01167**

Dear Mr. Whitehead:

    As you know, the Research Foundation served a set of written Requests for Production and Interrogatories on Plaintiff on December 21, 2010, by email and first-class mail. This service made the responses due on or before January 25, 2010.

    On January 6, 2010, Mr. Brice wrote to our office indicating that he would likely need an extension on the responses until "early February". We replied on January 10, 2010, indicating that we could likely work out an extension, but it would depend on the contents of Plaintiff's initial disclosures. We also requested a proposed extension date from Mr. Brice, for consideration. We attach a copy of that correspondence for your convenience. We received no response and the parties did not ultimately agree on an extension.

    The failure to timely provide discovery responses results in the waiver of all objections. To date, Plaintiff's responses remain outstanding with no extension granted. Accordingly, please provide Plaintiff's responses, without objections, no later than February 15, 2010, or we will seek intervention of the court through motions to compel. In the event motions to compel become necessary, we will seek the appropriate reimbursement for the time associated with said motions.


**Lipson│Neilson**
COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

Jeffrey J. Whitehead, Esq.
February 10, 2010
Page 2


        We look forward to your anticipated cooperation regarding this matter.  If you have
any questions, please do not hesitate to contact me at your convenience.  Thank you.

                Very truly yours,

                LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

                SHANNON D. NORDSTROM

SDN/cw/GR3384-034
Enclosure

cc:     Susan O'Brien, Esq. - via email

# SHANNON NORDSTROM

**From:**      SHANNON NORDSTROM
**Sent:**      Sunday, January 10, 2010 12:48 PM
**To:**        'Jay Brice'
**Subject:**   RE: Sweeney v. UNLV Research Foundation: Discovery Responses

Jay,

We can likely work out an extension, but I will need to see your client's initial document disclosures to determine the amount of time we can allow on the extension. Since they were due Friday, I expect to receive them in the mail on Monday and will take a look at them. Please send me a proposed date for my consideration.

Thank you,
Shannon



Lipson|Neilson
COLE, SELTZER, GARIN, P.C.

*Shannon Nordstrom, Esq.*
*Lipson, Neilson, Cole, Seltzer & Garin, P.C.*
*9580 West Sahara Ave., Suite 120*
*Las Vegas, NV  89117*
*(702) 382-1500*
*(702) 375-6358 (cell)*
*(702) 382-1512 (fax)*
*E-Mail:  snordstrom@lipsonneilson.com*
*Website:  www.lipsonneilson.com*

OFFICES IN NEVADA & MICHIGAN

*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\**
CONFIDENTIALITY NOTICE*

*This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on the contents of this information is prohibited and may be unlawful. If you receive this message in error, or are not the named recipient(s), please notify the sender, delete this e-mail from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.*

*IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.*

**From:** Jay Brice [mailto:jay@whiteheadlaw.org]
**Sent:** Wednesday, January 06, 2010 2:03 PM
**To:** SHANNON NORDSTROM
**Subject:** Sweeney v. UNLV Research Foundation: Discovery Responses

Dear Shannon:

You issued discovery requests which we received on December 22.  We are working with our client on preparing responses, however she learned last week that she is moving to Massachusetts, and is even now packing for the move, and will spend next week driving across the country.  She has made plans to be available for deposition on the dates we earlier provided, however as she is in the midst of the move even now, she is requesting that we procure an extension on the due date for her responses to the written discovery requests.  I think early February would be acceptable.  Please advise.  Thanks.

Sincerely,

John C. Brice, J.D.
Whitehead Law Offices
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV  89052
PH: (702) 451-7272
FAX: (702) 451-2947

NOTICE: Please do not print this e-mail unless necessary. If you must, please recycle. This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Whitehead Law Offices at (702) 451-7272 (collect), so that our address record can be corrected.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# FAX TRANSMISSION

LAW OFFICES

# Lipson|Neilson
## COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: snordstrom@lipsonneilson.com

**Date:** February 10, 2010

| Addressee | Telephone Number | Telefax Number |
|---|---|---|
| Jeffrey J. Whitehead, Esq. | (702) 451-7272 | (702) 451-2947 |
| | | |
| | | |

**NUMBER OF PAGES:** __5__ (Including this page)

**SUBJECT:**      UNLV Research Foundation, et al., adv. Sweeney

**COMMENTS:**      Please see attached correspondence.  Thank you.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: SHANNON D. NORDSTROM

Our Client Code: GR3384-034

Postscript:  If you do not receive all pages, or if any pages are illegible, please call
**(702) 382-1500** immediately.

*CONFIDENTIALITY NOTICE:*  The documents accompanying this telefax transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telefaxed information is strictly prohibited. If you have received this telefax in error, please immediately notify us by telephone at the number above and destroy the original telefax and all copies.  Thank you.

# Send Result Report

**KYOCERa**

MFP
CS-3050

Firmware Version  2GR_2000.008.025 2007.03.27

| Job No. | : 075545 | Total Time | : 0°00'55" | Page | : 005 |

# Completed

Document :   doc20100210175013

## FAX TRANSMISSION

LAW OFFICES

# Lipson | Neilson

COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: snordstrom@lipsonneilson.com

**Date:** February 10

| Addressee | Telephone Number | Telefax Number |
|---|---|---|
| Jeffrey J. Whitehead, Esq. | (702) 451-7272 | (702) 451-294 |

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|---|---|---|---|---|---|---|
| 001 | 02/10/2010 17:50 | 4512947 | 0°00'55" | FAX | OK | 200x200 Fine / On |

# EXHIBIT "D"

# EXHIBIT "D"

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
**WHITEHEAD LAW OFFICES**
2431 W. Horizon Ridge Pkwy.
Suite 110
Henderson NV 89052
VOX: (702) 451-7272
FAX: (702) 451-2947
email: jeff@whiteheadlaw.org

*Attorneys for Plaintiff Tara Sweeney*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TARA SWEENEY,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNLV RESEARCH FOUNDATION, a domestic non-profit corporation; THE STATE OF NEVADA ex. rel BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS; SCOTT SMITH an individual; TOM WILLIAMS, an individual; and PAUL FERGUSON, an individual;<br><br>Defendants. | CASE NO.: 2:09-CV-01167<br><br><br>Date of Hearing:<br>Time of Hearing:<br><br><br>**PLAINTIFF'S RESPONSES TO THE UNLV RESEARCH FOUNDATION'S FIRST SET OF REQEUSTS FOR PRODUCITON OF DOCUMENTS TO PLAINTIFF TARA SWEENEY** |

**PLAINTIFF'S RESPONSES TO THE UNLV RESEARCH FOUNDATION'S FIRST SET OF REQEUSTS FOR PRODUCITON OF DOCUMENTS TO PLAINTIFF TARA SWEENEY**

PLAINTIFF, TARA SWEENEY, by and through her attorney, Jeffrey J. Whitehead, Esq., of Whitehead Law Offices, as and for her Responses to the UNLV Research Foundation's First Set of Requests for Production of Documents to Plaintiff Tara Sweeney, does hereby respond as follows.

1

## REQUESTS FOR PRODUCTION

2

3   **REQUEST NO. 1.**

4         Copies of any and all DOCUMENTS, which Plaintiff expects, intends, or anticipates

5   offering into evidence during the trial of this matter.

6         **RESPONSE:**

7         See SWE000001 through SWE000316 (previously provided) and SWE000317 through

8   SWE000476 on the attached CD-ROM, made a part hereof by this reference.  In addition,

9   Plaintiff is in possession of certain tax records which, due to the sensitive and confidential

10  nature, will be produced upon the signing of an appropriate protective order.

11

12  **REQUEST NO. 2.**

13        Any and all DOCUMENTS which Plaintiff used or referenced to answer any portion of

14  the Defendant's First Set of Interrogatories to Plaintiff.

15        **RESPONSE:**

16        See response to Request No. 1 above.

17

18  **REQUEST NO. 3.**

19        Any and all DOCUMENTS identified in Defendant's First Set of Interrogatories to

20  Plaintiff or Plaintiff's Answers thereto.

21        **RESPONSE:**

22        See Response to Request for Production No. 1, above.  Also, SWE000477-SWE000478

23  on the CD-ROM, attached hereto and made a part hereof by this reference.  Plaintiff reserves the

24  right to supplement this response.

25

26  **REQUEST NO. 4.**

27        All DOCUMENTS, including but not limited to, notes, writings, memoranda,

28  correspondence, tape recordings, videotapes, calendars, documentary evidence, or other records

1  of any type reflecting, establishying or documenting any medical treatment, including

2  psychiatric, emotional or psychological treatment or counseling Plaintiff has received from 2004

3  to the present.

4        **RESPONSE:**

5        Responsive records are unvavilable at this time.  Plaintiff reserves the right to supplement

6  this response.

7

8  **REQUEST NO. 5.**

9        All State and Federal Income Tax returns (including all attendant schedules) and Wage or

10  Income Statements filed from 2004 continuing to the time of trial for Plaintiff.

11        **RESPONSE:**

12        OBJECTION: Due to the sensitive and confidential nature of these documents, they will

13  be produced only upon the signing of an appropriate confidentiality and protective order.

14

15  **REQUEST NO. 6.**

16        All W-2 forms and other evidence of earnings, compensation or income of any kind,

17  including child support or alimony, from 2004 continuing to the time of trial for Plaintiff.

18        **RESPONSE:**

19        See response to Request No. 5 above.

20

21  **REQUEST NO. 7.**

22        Any and all other DOCUMENTS, which YOU in any way rely upon to support YOUR

23  claims.

24        **RESPONSE:**

25        See response to Request No. 1 above.

26

27  **REQUEST NO. 8.**

28        Any and all tape recordings, video recordings and/or notes authored and/or obtained by

Plaintiff that in any way relate to Plaintiff's employemnt with Defendant THE UNLV

RESEARCH FOUNDATION and /or Plaintiff's allegations in her Complaint.

**RESPONSE:**

See response to Request No. 1, above.

**REQUEST NO. 9.**

Any and all DOCUMENTS relating to any administrative action or state or federal claim filed by Plaintiff against Defendants or any of their agents and/or employees, including, but not limited to, claims filed with the Nevada Workers Compensation Bureau, Nevada Equal Rights Commission, Equal Employment Opportunity Commission and/or the Social Security Administration.

**RESPONSE:**

OBJECTION: These documents are equally available to the Defendants as they are to the Plaintiff, and are matters of public record.  See documents on the attached CD-ROM, made a part hereof by this reference, bearing Bates Numbers SWE000405 through SWE000445, and SWE000472 through SWE000476.  Plaintiff reserves the right to supplement this response.

**REQUEST NO. 10.**

A copy of all records, correspondence, memos, evaluations, appraisals or any other DOCUMENTS, book, pamphlet, writing or communication received by Plaintiff from the Defendants, including all such materials communicated, stored or maintained in the form of electronic media.

**RESPONSE:**

See SWE000001 through SWE000316 (previously produced), as well as documents on the attached CD-ROM, made a part hereof by this reference, bearing Bates Numbers SWE000387 through SWE000404, and SWE000458 through SWE000471.  Plaintiff reserves the right to supplement this response.

**REQUEST NO. 11.**

A copy of all records, correspondence, memos or any other DOCUMENTS, book, pamphlet, writing or communication sent by Plaintiff to any one at Defendant THE UNLV RESEARCH FOUNDATION including all such materials communicated, stored, or maintained in the form of electronic media.

**RESPONSE:**

See response to Request No. 10, above.

**REQUEST NO. 12.**

All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other records of any type reflecting, establishing or documenting any treatment (inpatient or outpatient) or hospitalization for alcohol or substance abuse recevied by Plaintiff from 2004 to the present.

**RESPONSE:**

No responsive documents exist.

**REQUEST NO. 13.**

All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence, or other records of any type reflecting, establishing or documenting out-of-pocket expenses and the amount of any other damages the Plaintiff has allegedly incurred as a result of the acts complained of in her Complaint, including all such materials communicated, stored or maintained in the form of electronic media.

**RESPONSE:**

Responsive documents are unavailable at this time.  Plaintiff reserves the right to supplement this response.

**REQUEST NO. 14.**

All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars,

1   documentary evidence, or other recordings, documenting, memorializing, reflecting or

2   concerning any conversations or communications of any type between Plaintiff and any present

3   or former employee or agent of Defendant THE UNLV RESEARCH FOUNDATION, including

4   all such materials communciated, stored or maintained in the form of electronic media.

5       **RESPONSE:**

6       See generally SWE000001 through SWE000302 (previously produced), and also see

7   documents on the attached CD-ROM, made a part hereof by this reference, bearing bates

8   numbers SWE000387 through SWE000404.  Plaintiff reserves the right to supplement this

9   response.

10

11  **REQUEST NO. 15.**

12      All DOCUMENTS, memorandums, e-mails or tape recordings of any conversations with

13  or between any present or former employee, agent or respresntative of Defendant THE UNLV

14  RESEARCH FOUNDATION.

15      **RESPONSE:**

16      See response to Request No. 14 above.  Plaintiff reserves the right to supplement this

17  response.

18

19  **REQUEST NO. 16.**

20      All e-mails, tape recordings, statements, diaries, notes, journals, memoranda or other

21  DOCUMENTS or records documenting, memorializing, reflecting or concerning any

22  conversations or communications of any type or between Plaintiff and any PERSON, including,

23  but not limited to any present or former employee or agent of Defendant THE UNLV

24  RESEARCH FOUNDATION concerning the events complainted of in Plaintiff's Complaint.

25      **RESPONSE:**

26      See response to Request No. 15, above.  In addition, see documents on the attached CD-

27  ROM, made a part hereof by this reference, bearing bates numbers SWE000405 through

28  SWE000445 as well as SWE000472 through SWE000476.  Plaintiff reserves the right to

1   supplement this response.

2

3   **REQUEST NO. 17.**

4        All calendars, journals, diaries, day-planners, or other records of day-to-day activiteis

5   created or authored by Plaintiff from 2004 to the present, including, but not limited to, electronic

6   organizers, hand-held computers or other electronic or magnetic means.

7        **RESPONSE:**

8        See documents on the attached CD-ROM, made a part hereof by this reference, bearing

9   bates numbers SWE000317 through SWE000386, and documents on the attached CD-ROM,

10  made a part hereof by this reference, bearing bates numbers SWE000446 through SWE000457.

11  Plaintiff reserves the right to supplement this response.

12

13  **REQUEST NO. 18.**

14       All e-mail, correspondence or communications of any kind between Plaintiff and any

15  PERSON who ever worked at Defendnat THE UNLV RESEARCH FOUNDATION from 2004

16  to the present.

17       **RESPONSE:**

18       OBJECTION: This information is equally if not more easily available to DEFENDANTS

19  than it is to the Plaintiff, insofar as Defendants maintain the email servers for the accounts in

20  question, and therefore this request is unduly burdensome.  Without waiving this objection, see

21  the documents on the attached CD-ROM, made a part hereof by this reference, bearing bates

22  numbers SWE000387 through SWE000404.

23

24  **REQUEST NO. 19.**

25       A copy of all DOCUMENTS, writings or electronic memorializations, including, but not

26  limited to, applications, resumes, letters, and each and every reply to the same, reltated in any

27  way to positions of any kind Plaintiff applied for or occupied from 2004 tot he present,

28  including, but not limited to, any jobs at Defendant THE UNLV RESEARCH FOUNDATION

1    or the University of Nevada Las Vegas.

2         **RESPONSE:**

3         Responsive documents, if any exist,  are unavailable at this time.  Plaintiff reserves the

4    right to supplement this response.

5

6    **REQUEST NO. 20.**

7         A copy of all notes, job ads, and all other writings and DOCUMENTS which were made,

8    collected, or received by Plaintiff from any PERSON or entity in the course of any search for a

9    job or position that Plaintiff has undertaken from 2004 to the present.

10        **RESPONSE:**

11        Responsive documents, if any exist,  are unavailable at this time.  Plaintiff reserves the

12   right to supplement this response.

13

14   **REQUEST NO. 21.**

15        A copy of all calendars, job ads, day-planners, notes and all other memorializations,

16   DOCUMENTS and records which document Plaintiff's efforts, on a daily basis, to find a job

17   outside THE UNLV RESEARCH FOUNDATION, or a different position within Defendant THE

18   UNLV RESEARCH FOUNDATION or UNLV (including contracts with PERSONS and/or

19   corporate or other entities) from 2004 to the present, and all responses Plaintiff received from

20   and sent to any PERSONS and/or corporate or other entities.

21        **RESPONSE:**

22        Responsive documents, if any exist,  are unavailable at this time.  Plaintiff reserves the

23   right to supplement this response.

24

25   **REQUEST NO. 22.**

26        Copies of all cover letters, completed applications, advertisements for employment or

27   other DOCUMENTS evidencing that YOU have applied for employment with any company

28   since the time that YOUR employment with Defendant THE UNLV RESEARCH

     FOUNDATION ended.

1    **RESPONSE:**

2         Responsive documents, if any exist,  are unavailable at this time.  Plaintiff reserves the

3    right to supplement this response.

4

5    **REQUEST NO. 23.**

6         All DOCUMENTS reflecting, relating to or evidencing in any way YOUR efforts to

7    secure employment other than or in addition to your position at Defendant THE UNLV

8    RESEARCH FOUNDATION from 2004 to the present, including but not limited to job

9    advertisements, job applications, and written communications to and from (a) any state

10   employment service, (b) any personnel employment services, or (c) any prospective employer.

11   This includes, but is not limited to, all resumes sent to any prospective employer, notes,

12   calendars, "logs" or any other "tracking system" maintained to keep a record of when Plaintiff

13   sent out resumes or applied for jobs, any responses or follow-up; all books, articles and other

14   references consulted by Plaintiff in his job search.  This request also includes DOCUMENTS

15   relating to all responses Plaintiff received from or sent to (a), (b), or (c) above.

16   **RESPONSE:**

17        Responsive documents, if any exist,  are unavailable at this time.  Plaintiff reserves the

18   right to supplement this response.

19

20   **REQUEST NO. 24.**

21        A copy of all records, correspondence, memos, or any other DOCUMENT, book,

22   pamphlet, writing or communication given or sent by Plaintiff to Defendant THE UNLV

23   RESEARCH FOUNDATION, including all such materials communicated, stored or maintained

24   in the form of electronic media, for the years 2004 to the present.  This request includes but is

25   not limited to all statements or complaints made by Plaintiff to any present or former employee,

26   manager or agent of Defendant THE UNLV RESEARCH FOUNDATION concerning any issue

27   arising out of Plaintiff's employment.

     **RESPONSE:**

28        See documents bearing Bates Numbers SWE000001 through SWE000236 (previously

1    provided), as well as the documents on the attached CD-ROM, made a part hereof by this

2    reference, bearing bates numbers SWE000387 through SWE000445, and SWE000458 through

3    SWE000476.  Plaintiff reserves the right to supplement this response.

4

5    **REQUEST NO. 25.**

6         All DOCUMENTS supporting YOUR claimed damages in this case.

7         **RESPONSE:**

8         See response to Request No. 1, above.

9

10   **REQUEST NO. 26.**

11        Any written statements taken from anyone thought to have knowledge of the facts alleged

12   in YOUR Complaint.

13        **RESPONSE:**

14        No responsive documents are known to exist at this time.  Plaintiff reserves the right to

15   supplement this response.

16

17   **REQUEST NO. 27.**

18        All DOCUMENTS evidencing any complaint YOU made to Defendant THE UNLV

19   RESEARCH FOUNDATION, regarding the circumstances alleged in YOUR Complaint.

20        **RESPONSE:**

21        See response to Request No. 24, above.

22

23   **REQUEST NO. 28.**

24        All DOCUMENTS YOU submitted to the Nevada Equal Rights Commission and the

25   Equal Employment Opportunity Center related to the claims in YOUR Complaint, including but

26   not limited to the Intake Questionnaire.

27        **RESPONSE:**

28        OBJECTION: These documents are equally available to the Defendants as they are to the

     Plaintiff, and are matters of public record.  Without waiving this objection, see response to

1 Request No. 9 above.

2

3

4          DATED February 12, 2010.

5                                        Respectfully submitted,
                                         WHITEHEAD LAW OFFICES
6

7                                        _____
                                         Jeffrey J. Whitehead, Esq.
8                                        Nevada Bar No. 3183
                                         2431 W. Horizon Ridge Pkwy.
9                                        Suite 110
                                         Henderson NV 89052
10                                       VOX: (702) 451-7272
                                         FAX: (702) 451-2947
11                                       email: jeff@whiteheadlaw.org

12                                       *Attorney for Plaintiff Tara Sweeney*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                        **CERTIFICATE OF SERVICE**

3         It is hereby certified that the foregoing  PLAINTIFF'S RESPONSES TO THE

4   UNLV RESEARCH FOUNDATION'S FIRST SET OF REQEUSTS FOR PRODUCITON

5   OF DOCUMENTS TO PLAINTIFF TARA SWEENEY was sent February 12, 2010 to the

6   following person(s) by the following method(s):

7         ☒      **U.S. Mail**, by depositing a true and correct copies of same in the United

8                States Mail, postage prepaid at Henderson, Nevada, to the persons at the

9                addresses listed below:

10        ☐      e-mail, to the email addresses listed below:

11        ☐      by facsimile transmission to the fax numbers listed below:

12

13                        Shannon D. Nordstrom, Esq.
                     Lipson, Neilson, Cole Seltzer & Garin, PC
14                      9580 West Sahara Ave., Suite 120
                            Las Vegas, NV  89117
15                          FAX: (702) 382-1512
                        Snordstrom@lipsonneilson.com
16
                            Susan Carrasco O'Brien
17                     University of Nevada Las Vegas
                          Office of General Counsel
18                              Box 451085
                         4505 S. Maryland Parkway
19                      Las Vegas, NV  89154-1085
                            FAX: (702) 895-5299
20                       Susan.OBrien@unlv.edu
21

22

23

24

25   An Employee of WHITEHEAD LAW OFFICES

26

27

28

                                   - 12 -

# EXHIBIT "E"

# EXHIBIT "E"

JEFFREY T. NEILSON[1,2,5]
JOSEPH P. GARIN[1,2,3,5]
PHILLIP E. SELTZER[1,2]
SHANNON D. NORDSTROM[1,6]
ANDY L. EDMONDSON[1]
JAMES B. FAIRBANKS[1,9]
KALEB D. ANDERSON[1]

1 ADMITTED IN NEVADA
2 ADMITTED IN MICHIGAN
3 ADMITTED IN ILLINOIS
4 ADMITTED IN NEW YORK
5 ADMITTED IN COLORADO
6 ADMITTED IN CALIFORNIA
7 ADMITTED IN FLORIDA
8 ADMITTED IN OHIO
9 ADMITTED IN WASHINGTON

LAW OFFICES

# Lipson | Neilson

## COLE, SELTZER, GARIN, P.C.

*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: kanderson@lipsonneilson.com

BARRY J. LIPSON
(1955-2003)

STEVEN R. COLE[2]
THOMAS G. COSTELLO[2]
DAVID B. DEUTSCH[2]
HOWARD A. LAX[2]
JOSEPH A. STARR[2]
STEVEN H. MALACH[2]
KAREN A. SMYTH[2,4]
KAY RIVEST BUTLER[2]
SCOTT D. STONER[2]
C. THOMAS LUDDEN[2]
STUART D. LOGAN[2]
ALEX L. ALEXOPOULOS[2,8]
KIRSTEN E. GRAMZOW[2]
STARR M. HEWITT[2]
SHAWN Y. GRINNEN[2]
JASON M. SHINN[2]
MARK E. PHILLIPS[2]
SANDY D. GLAZIER[2]
DOUGLAS E. KELIN[2,3,7]

March 12, 2010

*VIA EMAIL ONLY*

Jeffrey J. Whitehead, Esq.
Whitehead Law Office
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052

    **Re:**   **Tara Sweeney v. UNLV Research Foundation, et al.**
          **Case No. 2:09-cv-01167**

Dear Mr. Whitehead:

The UNLV Research Foundation served a set of written Requests for Production and Interrogatories on Plaintiff on December 21, 2010, by email and first-class mail. This service made the responses due on or before January 25, 2010. Plaintiff's responses were ultimately served on February 12, 2010. Although there were limited discussions related to an extension, no extension was ever granted.

As you know, the failure to timely provide discovery responses results in the waiver of all objections. That said, Plaintiff's responses to Interrogatories contained no fewer that ten objections and the Requests for Productions contained no fewer that five objections. Other than the objections to Interrogatory 8(e) and 8(f), we request that all objections be withdrawn. It is also noted that you indicate a need for a protective order relating to the Responses to Request for Production 5 and 6 (relating to wage and tax information). Again, as you know, the time to seek a protective order is prior to the date the responses are due.

Please remove the untimely objections in Plaintiff's Responses and provide Defendant with proper substantive responses to Requests for Production 5 and 6 discussed above. Please contact our office by March 19, 2010 to discuss these issues.



Jeffrey J. Whitehead, Esq.
April 5, 2010
Page 2


      We trust these issues can be resolved amicably and look forward to discussing them with you in the near future.  In the event we do not hear from you and do not receive amended/supplemental responses we will seek assistance from the Court, which will include a request for our attorneys' fees and costs associated with said motion.  Thank you.

                      Very truly yours,

                      LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.


                      */s/ Kaleb Anderson*
                      KALEB D. ANDERSON

KDA/vh/GR3384-034
Enclosure

# EXHIBIT "F"

# EXHIBIT "F"

# WHITEHEAD LAW OFFICES

Jeffrey J. Whitehead, Esq. †
Jeffrey J. Whitehead, Ltd.
†Admitted in NV, AZ and CO.

RECEIVED MAR 25 2010

Tuesday, March 23, 2010

Kaleb Anderson
Lipson Neilson Cole Seltzer & Garin, PC
9580 West Sahara Ave., Suite 120
Las Vegas, NV  89117

FAX: (702) 382-1512

Re:  Sweeney v. UNLV Research Foundation, et al.
     Case No. 2:09-cv-01167

Dear Mr. Anderson:

    I am in receipt of your letter of March 12 regarding the issue of objections to your discovery requests.  I found your analysis devoid of legal citation.  I disagree with your analysis. I will not withdraw my objections.

                    Sincerely,
                    WHITEHEAD LAW OFFICES


                    Jeffrey J. Whitehead, Esq.

## Attorneys at Law

2431 W. Horizon Ridge Pkwy., Ste. 110 | Henderson, NV 89052 | Telephone: (702) 451-7272 | Facsimile: (702) 451-2947 | www.WhiteheadLaw.org

# EXHIBIT "G"

# EXHIBIT "G"

LAW OFFICES

JEFFREY T. NEILSON[1,2,3]
JOSEPH P. GARIN[1,2,3,5]
PHILLIP E. SELTZER[1,2]
SHANNON D. NORDSTROM[1,6]
ANDY L. EDMONDSON[1]
JAMES B. FAIRBANKS[1,9]
KALEB D. ANDERSON[1]

1 ADMITTED IN NEVADA
2 ADMITTED IN MICHIGAN
3 ADMITTED IN ILLINOIS
4 ADMITTED IN NEW YORK
5 ADMITTED IN COLORADO
6 ADMITTED IN CALIFORNIA
7 ADMITTED IN FLORIDA
8 ADMITTED IN OHIO
9 ADMITTED IN WASHINGTON

# Lipson|Neilson
### COLE, SELTZER, GARIN, P.C.
*Attorneys and Counselors at Law*

9580 WEST SAHARA AVENUE, SUITE 120
LAS VEGAS, NEVADA 89117

TELEPHONE (702) 382-1500
TELEFAX (702) 382-1512
www.lipsonneilson.com

E-MAIL: kanderson@lipsonneilson.com

BARRY J. LIPSON
(1955-2003)

STEVEN R. COLE[2]
THOMAS G. COSTELLO[2]
DAVID B. DEUTSCH[2]
HOWARD A. LAX[2]
JOSEPH A. STARR[2]
STEVEN H. MALACH[2]
KAREN A. SMYTH[2,4]
KAY RIVEST BUTLER[2]
SCOTT D. STONER[2]
C. THOMAS LUDDEN[2]
STUART D. LOGAN[2]
ALEX L. ALEXOPOULOS[2,4]
KIRSTEN E. GRAMZOW[2]
STARR M. HEWITT[2]
SHAWN Y. GRINNEN[2]
JASON M. SHINN[2]
MARK E. PHILLIPS[2]
SANDY D. GLAZIER[2]
DOUGLAS E. KELIN[2,3,7]

March 26, 2010

<u>*Via Email Only*</u>

Jeffrey J. Whitehead, Esq.
Whitehead Law Office
2431 W. Horizon Ridge Pkwy., Suite 110
Henderson, NV 89052

> **Re:**   ***Tara Sweeney v. UNLV Research Foundation, et al.***
>          **Case No. 2:09-cv-01167**

Dear Mr. Whitehead:

We received your March 23, 2010 letter regarding your untimely objections to our client's discovery requests.  As stated in your correspondence, you disagree with our analysis and refuse to withdraw your objections despite providing no legal authority for your position.  Please consider this letter as a response.

As you know, the UNLV Research Foundation served a set of written Requests for Production of Documents and Interrogatories on Plaintiff on December 21, 2010 by email and first-class mail.   This made the responses due on or before **January 25, 2010**. Although there were limited discussions related to an extension, no extension was ever granted, and your client's unverified responses were ultimately served on February 12, 2010.

At the deposition of Ms. Sweeney on February 23, 2010, Shannon Nordstrom mentioned she did not receive a verification for the interrogatories. FRCP 33(b)(3) states that "[e]ach interrogatory must...be answered separately and fully in writing <u>under oath</u>." See also *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536 (S.D.W. Va., 2005)(invalidating unverified interrogatory responses and holding that "[w]hen responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness."). To date your client has not provided a verification for the interrogatory responses making them equivalent to no response at all.



Jeffrey J. Whitehead, Esq.
March 26, 2010
Page 2

absence of an extension of time, "the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) See also *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss.1990); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn.1989); *Fretz v. Keltner*, 109 F.R.D. 303, 309 (D. Kan.1985); Turick v. Yamaha Motor Corp., 121 F.R.D. 32, 36 (S.D.N.Y. 1988).

The same holds true for the untimely response to the Requests to Produce - the failure to file timely objections constitutes a waiver of all objections. See *Perry v. Golub*, 74 F.R.D. 360 (N.D. Ala. 1976); *Davis v. Romney*, 53 F.R.D. 247 (E.D. Pa. 1971) ("If discovery rules are to have any effect or meaning, the failure to serve such objections within the time prescribed should be considered a waiver of such objections").

Given the clear authority on these issues, please provide verified, substantive responses, without objections, to Interrogatories 1, 2, 8(d), 10, 11, 12, 13, 16, 20 and Requests for Production 5, 6, 9, 18, and 28.

If these responses are not received in our office by the end of business on **March 29, 2010**, we will file a Motion to Compel which will include a request for attorneys' fees and costs associated with said motion and all attempts to meet and confer.  If we are forced to file a Motion to Compel, we will continue to seek fees even if the appropriate responses are served after the filing of the Motion pursuant to FRCP 37(a)(5)(A) .

If you have any further questions, feel free to contact me.  I look forward to hearing from you.

Very truly yours,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

KALEB D. ANDERSON

KDA/vh/GR3384-034