**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TARA SWEENEY,

Plaintiff,

vs.

THE UNLV RESEARCH FOUNDATION, et.al.,

Defendants.

Case No. 2:09-cv-01167-JCM-GWF

**ORDER**

This matter is before the Court on Defendant's Motion to Compel Further Responses and Withdraw Objections to Interrogatories Under Fed.R.Civ.P. 26(b) and 37(a)(5)(A) (#41) and Defendant's Motion to Compel Further Responses and Withdraw Objections to Requests for Production Under Fed.R.Civ.P. 26(b), 26(c)(1), 34, and 37(a)(5)(A) (#42), filed on April 5, 2010. Plaintiff's Response to Defendant's Motion to Compel (#45) and Motion for Enlargement of Time to Respond to Discovery Requests (#46) was filed on April 20, 2010. Defendant filed its Notice of Non-Opposition to Motion to Compel Further Responses and Withdraw Objections to Requests for Production Under Fed.R.Civ.P. 26(b), 26(c)(1), 34, and 37(a)(5)(A) (#49) on April 27, 2010 and its Reply to Plaintiff's Response to Defendant's Motion to Compel and Motion for Enlargement of Time to Respond to Discovery Requests (#50) on April 27, 2010. Having reviewed the parties' briefs, declarations and exhibits, the Court concludes that this matter can be decided without a hearing.

. . .

. . .

. . .

**BACKGROUND**

Defendant served interrogatories and requests for production of documents on Plaintiff on December 21, 2009. On January 6, 2010, a paralegal for Plaintiff's counsel sent an email letter to Defendant's counsel requesting an extension of time until early February to respond to the discovery requests. Defendant's counsel responded by email on January 10, 2010 stating that "we can likely work out an extension," but that Defendant's counsel first wanted to receive and review Plaintiff's initial disclosures before granting an extension of time. Although Plaintiff mailed her initial disclosures on January 13, 2010, there was no further discussion between the parties regarding an extension. On February10, 2010, Defendant's counsel sent a letter to Plaintiff's counsel notifying him that the discovery responses were now overdue and requesting that Plaintiff provide discovery responses without objection.

Plaintiff's answers to the interrogatories and responses to requests for production were served by mail and email on February 12, 2010. The interrogatory answers were not signed or verified under oath by Plaintiff Tara Sweeney. Plaintiff objected to Interrogatory Nos. 1 and 2 which asked her to list her previous employers and to describe her formal education, by stating that "[t]his information is equally available to the Defendant as it is to the Plaintiff." Without waiving this objection, however, Plaintiff answered both interrogatories. Plaintiff also objected to Interrogatory Nos. 10, 11, 12, 13 and 16 on the grounds of relevance. These interrogatories respectively asked Plaintiff whether she was presently married, whether she had any children, whether any persons were dependent upon her for financial support, whether she had previously been married, and whether she had ever been detained, arrested, convicted or adjudicated for a civil infraction, misdemeanor, felony or any other offense, including juvenile offense. Without waiving her relevance objection, Plaintiff answered each interrogatory "No".

Plaintiff also objected to certain requests for production. Requests Nos. 5 and 6 sought Plaintiff's state and federal income tax returns and W-2 statements and other income statements from 2004 to the present. Plaintiff objected to these requests and refused to produce the records unless an appropriate protective order was entered. Requests Nos. 9, 18, and 28 respectively requested all documents relating to any administrative agency claim filed by Plaintiff against

Defendant or their agents and employees, all email, correspondence and communications between Plaintiff and any person who worked for Defendant from 2004 to the present, and all documents that Plaintiff submitted to the Nevada Equal Rights Commission ("NERC") and Equal Employment Center relating to the claims in her complaint. Similar to her responses to the interrogatories, Plaintiff objected to these requests on the grounds that the information and documents were equally or more accessible to the Defendants, or are matters of public record. It appears, however, that subject to these objections, Plaintiff produced some documents responsive to Requests Nos. 9, 18, and 28.

Defendant's counsel states that she orally requested that Plaintiff provide signed and verified answers to the interrogatories without objection at the time of Plaintiff's deposition on February 23, 2010. Defendant's counsel thereafter sent a letter to Plaintiff's counsel on March 12, 2010 demanding that Plaintiff provide answers to interrogatories and responses to requests for production without objection. Plaintiff's counsel responded by letter on March 12th, stating that he disagreed with Defendant's counsel's analysis, which was not supported by legal citation, and that the objections would not be withdrawn. Defendant's counsel again wrote to Plaintiff's counsel on March 26, 2010, stating that the objections had been waived and also pointing out that the interrogatory answers were not signed or verified by the Plaintiff as required by Rule 33. The letter cited legal authority in support of both assertions. Defendant's counsel stated that if Plaintiff did not provide signed and verified answers to the interrogatories and responses to requests for production without objection by March 29, 2010, Defendant would file a motion to compel.

**DISCUSSION**

Rule 33(b) of the Federal Rules of Civil Procedure states that a party must serve his or her responses to interrogatories within 30 days after being served unless a stipulation or order is obtained extending the time. The rule further provides that any ground for objection not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Although Rule 34 does not expressly state that objections to requests for production are waived if not timely asserted, it has been interpreted consistent with Rule 33. *Senat v. City of New York*, 255 F.R.D.

338, 339 (E.D.N.Y. 2009) states in this regard that "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *See also Ramirez v. County of Los* Angeles, 231 F.R.D. 407, 409-10 (C.D.Cal. 2005). *Senat* noted that the courts are not unanimous on whether the failure to timely respond waives privilege objections. *Id.*, citing *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D.Conn.2006) (privilege objections waived); *Hakizimana v. Rym Stations-Bedford, Inc.,* No. 08-CV-0251, 2008 WL 4642335, at *1 (E.D.N.Y. Oct. 16, 2008) (privilege objections not waived). In this case, Plaintiff did not object to any of the discovery requests on privilege grounds.

Plaintiff argues that her failure to serve timely objections to Defendant's discovery requests should be excused. Fed.R.Civ.Pro. 6(h)(1)(B) provides that for good cause, the court may extend time on a motion made after the time has expired if the party failed to act because of excusable neglect. *See also* Local Rule 6-1(b). In *Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.*, 232 F.R.D. 609, 610-11 (D. Alaska 2005), the court held that an assertion that discovery objections should not be deemed waived based on excusable neglect should be assessed under the four factor test set forth in *Pioneer Investment Svcs. v Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489 (1993) and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). Those four factors are (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was reasonably under the control of the movant, and (4) whether the movant's conduct was in good faith.

In support of his argument that the failure to serve timely objections should be excused, Plaintiff's counsel argues that he is a sole practitioner with a single paralegal and during the month of January he was overwhelmed in responding to discovery in two other cases and in preparing Plaintiff's initial disclosures and attending Plaintiff's deposition in this case. Plaintiff also argues that the delay in serving objections was less than thirty days and Defendant has not been prejudiced. Plaintiff, however, also did not sign the answers to interrogatories as required by Rule 33(b)(5), and apparently still did not provide signed answers to the interrogatories after

Defendant's counsel demanded them on March 26, 2010. Plaintiff's failure to provide signed interrogatory answers casts some doubt on her counsel's assertion that he and his client have acted reasonably or in the good faith. As Defendant has also pointed out, Plaintiff never moved for or submitted a proposed protective order in regard her tax returns and income information. On the other hand, Plaintiff answered the interrogatories and produced documents in response to most of the requests, subject to her objections.

In resolving this motion, the Court finds that almost all of Plaintiff's objections are substantively invalid regardless of whether they were untimely. Plaintiff's objections to Interrogatory Nos. 1 and 2 on the grounds that the information is equally or more readily available to the Defendant was not a valid objection based on undue burden. Even assuming that Defendant already had information regarding Plaintiff's prior employment or education history, it was entitled to have Plaintiff provide such information through an interrogatory answer signed under oath. The relevance objections to Interrogatory Nos. 10, 11, 12 and 13 are also substantively invalid. The scope of relevant discovery under Rule 26(b) is broad. *See EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006). These interrogatories seek basic background information regarding marriage, children or other dependents that may lead to the discovery of admissible evidence in regard to Plaintiff's claim for emotional distress, including distress caused by financial hardship. Plaintiff, however, had an arguably valid objection to Interrogatory No. 16 based on its over breadth. While prior felony convictions are clearly relevant and potentially admissible, inquiry into every civil infraction or misdemeanor for which Plaintiff may have been detained, arrested or convicted is not relevant in the absence of some additional showing by Defendant. The fact that Plaintiff answered the interrogatories subject to her objections provides additional basis for concluding that the objections were, for the most part, mere boilerplate and not legitimate objections to irrelevant or burdensome discovery.

For the same reasons, the Court finds that Plaintiffs objections to Requests Nos. 9, 18, and 28 are substantively invalid, regardless of whether they were waived by the failure to timely respond. Plaintiff did not object to these requests on relevance grounds, but merely on the grounds that the documents were equally or more accessible to the Defendants. A responding

party is generally required produce relevant documents in her possession, custody or control. Documents that are in the actual possession of a third person are deemed to be in the responding party's control if she has the legal right to obtain the documents on demand. *Klesch & Company, Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D.Colo. 2003), citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D.Colo. 1992). Absent such legal right, a party cannot be compelled to obtain records from a third party and produce them to the requesting party. *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D.Nev. 1998) (plaintiff was not in control of medical records in the possession of her physician). Some courts have construed Rule 34 more broadly to include the "practical ability to obtain the materials sought upon demand." *Securities and Exchange Commission v. Credit Bankcorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000) and *Prokosch v. Catalina Lighting, inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000). *See also Moreno v. Autozone, Inc.*, 2008 WL 906510 (N.D.Cal. 2008). There is no basis to conclude that Plaintiff is in legal or practical control of documents in the possession of administrative agencies or the NERC. She is therefore under no obligation to obtain records from such entities and produce them to Defendant. Plaintiff has not demonstrated, however, that it would be unduly burdensome to produce responsive documents in her actual possession or custody. The fact that she has apparently produced such documents subject to her objections also indicates the lack of undue burden. Accordingly, Plaintiff's objections to these requests are overruled.

Plaintiff did not object to Request Nos. 5 and 6 on relevance grounds. She refused the produce the records, however, unless an appropriate protective order is entered. Taxpayers have privacy interests in their income tax returns and it is reasonable to enter a protective order that limits the disclosure and use of the records to the subject lawsuit. *Robinson v. Duncan*, 255 F.R.D. 300, 303 (D.D.C. 2009); *Hollinger International Inc. v. Hollinger, Inc.*, 2005 WL 3177880 (N.D. Ill. 2005). This is a matter that the parties should ordinarily be able to resolve by the entry of a stipulated protective order. Defendant is correct, however, that is Plaintiff's obligation to submit an appropriate protective order or file a motion for protective order. The Court therefore orders Plaintiff to fully respond to Request Nos. 5 and 6 within seven (7) days of the filing of this order. The Court also orders that Plaintiff submit a proposed stipulated

protective order to Defendant's counsel governing the use and disclosure of Plaintiff's income tax returns and W-2 statements. If the parties cannot agree on the stipulated protective order, then Plaintiff may move for a protective order. Any such protective order hereafter entered by the Court shall apply to income tax returns and W-2 statements produced by Plaintiff in compliance with this order.

## CONCLUSION

Based on the foregoing, the Court overrules Plaintiff's objections to Interrogatory Nos. 1, 2, 10, 11, 12, 13 and 16 on the grounds that the objections are untimely and, except for Interrogatory No. 16, in part, are also without substantive merit. To the extent that Plaintiff's unsigned answers to these interrogatories are not complete and accurate answers to the subject interrogatories, she is required to supplement her responses within seven (7) days of the filing of this order. In any event, Plaintiff is required to sign her answers to the interrogatories under oath within seven (7) days of the filing of this order. The Court also overrules Plaintiff's objections to Requests for Production Nos. 5, 6, 9, 18, and 28 on the grounds that the objections were untimely and, with the exception of Plaintiff's assertion of a privacy interest in her income tax returns and W-2 statements, are without substantive merit. An award of expenses or other sanctions pursuant to Rule 37 is not warranted at this time. Plaintiff will, however, be subject to sanctions if she fails to comply with this order. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Further Responses and Withdraw Objections to Interrogatories Under Fed.R.Civ.P. 26(b) and 37(a)(5)(A) (#41) and Motion to Compel Further Responses and Withdraw Objections to Requests for Production Under Fed.R.Civ.P. 26(b), 26(c)(1), 34, and 37(a)(5)(A) (#42) are **granted** in accordance with the foregoing provisions of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time to Respond to Discovery Requests (#46) is **denied**, subject to the requirement that she serve supplemental and/or signed answers to interrogatories and responses to requests for production of documents within seven (7) days of the filing of this order.

. . .

**IT IS FURTHER ORDERED** that the hearing in this matter presently scheduled for May 6, 2010 at 10:30 a.m. is hereby **vacated**.

DATED this 30th day of April, 2010.

George Foley Jr.

**GEORGE FOLEY, JR.**
**U.S. MAGISTRATE JUDGE**