1
2
3
4
5                       UNITED STATES DISTRICT COURT
6                              DISTRICT OF NEVADA
7  TARA SWEENEY,                              2:09-CV-1167 JCM (GWF)
8           Plaintiff,
9  v.
10
11 THE UNLV RESEARCH
   FOUNDATION, et al.,
12
             Defendants.
13
14                                      **ORDER**

15      Presently before the court is defendant State of Nevada's motion to dismiss for lack of

16 subject matter jurisdiction. (Doc. # 43). Although the parties stipulated to an extension of time, to

17 date, no opposition has been filed.

18      Also before the court is defendant State of Nevada's motion to enforce settlement agreement

19 of various claims. (Doc. # 54). Plaintiff filed an opposition (doc. # 57), and defendant State of

20 Nevada filed a reply. (Doc. # 58).

21      Plaintiff Tara Sweeney's claims stem from a notice of non-reappointment issued one year

22 prior to termination, on June 30, 2007, by her previous employer the University of Nevada, Las

23 Vegas Research Foundation. While it appears that plaintiff attempted to file a charge with the

24 Nevada Equal Rights Commission (NERC) in December 2007, the paperwork was voided for failure

25 to submit signatures and corrections. In June 2008, plaintiff filed new paperwork with NERC. In

26 June 2009, plaintiff filed the present action alleging violations of Title VII of the Civil rights Act of

27 1964.

28

**James C. Mahan**
**U.S. District Judge**

1   Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, failure to file an opposition to a motion to dismiss is not cause of automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the factors listed above weigh in favor of dismissal. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion to dismiss. Additionally, defendant's motion has merit.

According to the statute, to file a claim under Title VII, a plaintiff must 1) file a timely charge with the Equal Employment Opportunity Commission (EEOC), and 2) receive from the EEOC a right to sue notice before filing a civil complaint. *See* 42 U.S.C. § 2000e05(b)-(f). In order to be considered timely, the charges must be filed with the EEOC within 180 days of the date on which the violations occurred. This deadline is extended to 300 days when there is an EEOC equivalent state enforcement agency, such as NERC. *Id.* According to the 9th Circuit, the statutory deferral to Nevada's state agency "requires only that state proceedings be instituted before the expiration of the 300 day extended filing period." *Wiltshire v. Standard Oil Co. Of Cal.*, 652 F.2d 837, 839 (9th Cir. 1981).

Plaintiff alleges that the last violation of Title VII occurred on June 30, 2007. Accordingly, plaintiff's 180 day deadline for filing with the EEOC was December 27, 2007, and the 300 day statutory deadline for filing a complaint in state court was April 25, 2008. Here, plaintiff did not file charges with the EEOC, and did not initiate state proceedings within the statutory deadline. Furthermore, plaintiff failed to provide an opposition to the present motion that could provide an explanation for the delay. Therefore, this court finds that plaintiff's claims must be dismissed.

Defendant also filed a motion to enforce a purported settlement agreement regarding some

1  of plaintiff's Title VII claims.  Defendant alleges that there was a settlement agreement to dismiss
2  some of plaintiff's Title VII claims in exchange for a stipulated extension of deadlines for filing a
3  response to the motion to dismiss.  In light of the findings and lack of opposition to the motion to
4  dismiss, this court does not find it necessary to reach the merits of this motion, and will deny it as
5  moot.

6  Accordingly,

7  IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant's motion to
8  dismiss (doc. # 43) is GRANTED, without prejudice.

9  IT IS FURTHER ORDERED ADJUDGED AND DECREED that defendant's motion to
10 enforce settlement agreement for dismissal of various claims (doc. # 54) is DENIED as moot.

11 DATED July 20, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -