1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **DISTRICT OF NEVADA**

7   TARA SWEENEY,                                           2:09-CV-1167 JCM (GWF)

8              Plaintiff,

9   v.

10  THE UNLV RESEARCH
11  FOUNDATION, et al.,

12             Defendants.

13

14                                            **ORDER**

15       Presently before the court is plaintiff Tara Sweeney's motion to alter or amend judgment.
16  (Doc. #64). Defendants Tom Williams, Paul Ferguson, Scott Smith, (hereinafter collectively
17  "Individual Defendants"), The Regents of the University of Nevada Las Vegas, and The UNLV
18  Research Foundation (hereinafter collectively "Institutional Defendants"), filed a joint opposition.
19  (Doc. #66). Plaintiff failed to file a reply.

20       Also before the court is defendants' motion for reconsideration. (Doc. # 65). Plaintiff has not
21  filed an opposition. Defendants filed a joint non-opposition to the motion to reconsider and a
22  declaration of Shannon Nordstrom, Esq. (Doc. #67).

23       On July 23, 2010, this court granted the defendants' motion to dismiss for lack of subject
24  matter jurisdiction, without prejudice, and denied the defendants' motion to enforce settlement
25  agreement for dismissal of various claims, as moot. (Doc. # 63).

26       Plaintiff's complaint against Individual and Institutional Defendants alleged violations of
27  Title VII of the Civil Rights Act of 1964, as well as many state law claims. The motion to dismiss
28

**James C. Mahan**
**U.S. District Judge**

1  for lack of subject matter jurisdiction (doc. #43) which this court granted, pertained to the alleged
2  Title VII violations. The court held that the plaintiff had failed to file a "timely charge with the Equal
3  Employment Opportunity Commission," which is a prerequisite for filing a civil complaint. Thus,
4  the Title VII claims were dismissed, and the motion was granted.

5  Further, the order (doc. #63) addressed the motion to enforce the settlement agreement of
6  various claims (doc. #54). Finding that the claims had been dismissed by the granting of the
7  previously discussed motion to dismiss, the court declined to reach the merits of the motion to
8  enforce, and denied it as moot. Subsequently, both parties filed motions regarding issues they had
9  with the court's order (doc. #63).

10  Under Federal Rule of Civil Procedure 59(e), "a motion to alter or amend a judgment must
11  be filed no later than 28 days after the entry of the judgment." The court in *School District No. IJ,*
12  *Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) looked at three factors in
13  deciding whether reconsideration is appropriate: (1) if the district court is presented with newly
14  discovered evidence; (2) if the district court committed clear error or the initial decision was
15  manifestly unjust; or (3) if there is an intervening change in controlling law."

16  In plaintiff's timely motion (doc. # 64), she alleged that this court "issued an order dismissing
17  the case in its entirety," and that this "exceeded the relief sought by the movant, thereby depriving
18  plaintiff of her due process." She asserts, pursuant to Federal Rule of Civil Procedure 59(e), that the
19  court should alter or amend its order so as to "strike from the complaint all language pertaining to
20  Title VII, and permit the case to proceed as to the claims which are asserted under the Equal Pay
21  Act."

22  The plaintiff misreads the order. The court's order simply granted the dismissal of the Title
23  VII claims, as those were the claims that the defendants' motion to dismiss pertained to. The order
24  does not even mention the claims brought under the Equal Pay Act, and certainly does not dismiss
25  them. Thus, the court is not inclined to alter or amend the order.

26  In the defendants' motion for reconsideration (doc. #65), they request that the court
27  reconsider the "without prejudice" classification of its ruling, and "consider and rule on the merits

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

of the [m]otion to [e]nforce, as it dealt with <u>separate causes of action</u>." [emphasis supplied] Defendants argue that since the plaintiff's claims under Title VII are time barred, it is required that the dismissal be "with prejudice." Despite the fact that the court does not anticipate the plaintiff bringing these claims again, it reserves that right for the plaintiff in the event that she is able, and is not inclined to reconsider the classification of the dismissal as "without prejudice."

With regards to the motion to enforce the agreement, the defendants assert that the agreement dealt with the plaintiff's state law claims, and not the claims that were brought under Title VII. Thus, when the court granted the motion to dismiss the Title VII claims, the state law claims still remained. Therefore, as the defendants point out to the court, the motion to enforce the agreement with regards to the state law claims is not moot.

In light of the court's misunderstanding in concluding that the motion to enforce was moot, the court is inclined to grant the defendants' motion for reconsideration (doc. #65), as it pertains to the motion to enforce.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to alter or amend judgment (doc. #64) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion for reconsideration (doc. #65) with regards to the motion to enforce be, and the same hereby is, GRANTED. The merits of that motion will be addressed in a separate order.

DATED September 29, 2010.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -