UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARA SWEENEY,<br><br>                Plaintiff,<br><br>v.<br><br>THE UNLV RESEARCH FOUNDATION, et al.,<br><br>                Defendants. | 2:09-CV-1167 JCM (GWF) |

**ORDER**

Presently before the court is defendants' motion to enforce agreement for dismissal of various claims within plaintiff's complaint. (Doc. # 54). Plaintiff filed an opposition (doc. #57), and defendant filed a reply (doc. #58).

In her complaint (doc. # 1), plaintiff Tara Sweeney alleged six federal and state law claims against defendants Tom Williams, Paul Ferguson, Scott Smith, (hereinafter collectively "Individual Defendants"), The Regents of the University of Nevada Las Vegas, and The UNLV Research Foundation (hereinafter collectively "Institutional Defendants"). Plaintiff's claims arose under Title VII of the Civil Rights Act of 1964. 42 U.S.C. Section 2000e-2(a), the Guidelines of Discrimination Because of Sex, 29 C.F.R. Section 1604.11, and the Equal Pay Act of 1963, 29 U.S.C. Section 206(d). These claims included; (1) sexual discrimination, (2) retaliation, (3) sexual harassment, (4) hostile work environment, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress.

According to the defendants, after they filed their motion to dismiss the Title VII claims (doc.

**James C. Mahan**
**U.S. District Judge**

1  # 43), the plaintiff contacted them seeking a "potential resolution of the [motion], and to make a
2  request for an extension of time within which to file [her] opposition." Defendants allege that the
3  plaintiff sent them an email offering to stipulate to the dismissal of "claims 3 and 4 as to all
4  defendants," and of "claims 2, 5, and 6 as to all individual defendants only." Further, the defendants
5  assert that the plaintiff noted in her email that it was "in exchange for the ... stipulation of a 14 day
6  continuance." Defendants reviewed her offer, and agreed to give the extension in exchange for the
7  dismissal of the above referenced claims.

8  On April 26, 2010, the parties submitted a proposed order (doc. #48) extending the plaintiff's
9  response due date with regards to defendants' motion to dismiss the Title VII claims. The court
10 entered the order granting the stipulation. (Doc. #52). Subsequently, defendants notified the plaintiff
11 that they agreed to the terms of the email, and prepared a stipulation and order to dismiss the claims
12 accordingly. However, the plaintiff notified the defendants that she had decided not to dismiss claims
13 2, 5, and 6 against individual defendant Tom Williams.

14 In the present motion, defendants allege that the parties had an enforceable contract
15 dismissing certain claims, and ask the court to enforce the agreement. In her opposition (doc. # 57),
16 the plaintiff does not deny the existence of the agreement nor claim that defendants stated its terms
17 incorrectly. Rather, she asserts that it was necessary to retract the offer as to Tom Williams, and that
18 no contract exists, due to the lack of consideration. Specifically, she claims that "[d]efendants
19 actually gave nothing of value to the [p]laintiff." Further, she claims that since she did not in fact use
20 the extra time to file the response, that the defendants did not suffer any prejudice. She concludes
21 her opposition by consenting to the granting of the motion to dismiss, but not to the dismissal of any
22 Equal Pay Act claims or claims under state law as to any parties.

23 Consideration is the product of "bargained for exchange." *Colorado Nat'l Bank of Denver*
24 *v. Bohm*, 286 F.2d 494, 496 (9th Cir.1961). In a contract, the consideration can be in the form of
25 either a benefit to the promisor, or a detriment to the promisee, which must be specified with
26 certainty. *Twin City Fire Ins. Co. v. Philadelphia Life Ins. Co.*, 795 F.2d 1417, 1427 (9th Cir. 1986);
27 *Jackson v. Grant,* 890 F.2d 118, 120 (9th Cir.1989); *Transamerica Equipment Leasing Corp. v.*
28

James C. Mahan
U.S. District Judge

- 2 -

1   *Union Bank*, 426 F.2d 273, 274 (9th Cir.1970).

2       The defendants assert that ample consideration was given. First, they gave the promise of an
3   extension, *in exchange* for the dismissal of certain claims. This bargain was evidenced by the emails
4   between the parties. Second, the plaintiff *benefitted* by the extension she was given, because she had
5   more time to respond to the motion to dismiss. Finally, defendants relied on plaintiff's promise to
6   dismiss certain state law claims to their *detriment*. Not only did the extension cause a delay in the
7   ruling on the motion to dismiss, but the defendants proceeded with their case relying on the promised
8   dismissal of the specified claims.

9       In light of the above facts, this court is inclined to agree with the defendants, that
10  consideration was in fact given. As they state in their motion, "if plaintiff saw no value in requesting
11  and obtaining the extension, then she must have requested the extension in bad faith and for purposes
12  of delay." Therefore, the court finds that a contract to dismiss "claims 3 and 4 in their entirety as to
13  all defendants," and "claims 2, 5, and 6 as to all individual defendants only," was formed.

14      With the existence of this agreement, and the dismissal of the Title VII claims, the only
15  claims remaining are: (1) sexual discrimination against all defendants brought under the Equal Pay
16  Act and state law; and (2) retaliation, intentional infliction of emotional distress, and negligent
17  infliction of emotional distress, against the Institutional Defendants only, brought under the Equal
18  Pay Act and state law.

19      Good Cause Appearing,

20      IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants' motion to
21  enforce agreement for dismissal of various claims within plaintiff's complaint (doc. # 54) be, and
22  the same hereby is, GRANTED.

23      DATED September 29, 2010.

                                                  UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -